Robert D. SILVA d/b/a Casa de Silva, Appellant,

v.

Vaissiere Colette POROWSKI, Appellee.

No. 08–85–00073–CV.

Court of Appeals of Texas, El Paso.

July 31, 1985.

Rehearing Denied July 31, 1985.

Jack Q. Tidwell, Mark A. Krutsinger, McMahon, Cox, Tidwell, McCoy, Hansen & Atkins, P.C., Odessa, for appellant.

Dan Sullivan, Andrews, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a jury verdict awarding actual and exemplary damages and attorney fees under the Texas Deceptive Trade Practices Act. We affirm.

In February, 1981, Appellee purchased three diamonds from the Appellant for investment purposes. Appellant warranted the diamonds to be of "investment" quality, specifying the clarity, color, weight, and quality. Appellee subsequently discovered that the stones were of a significantly lesser clarity and quality. Pursuant to Tex. Bus. & Com.Code Ann. sec. 17.50A (Vernon Supp.1985), a notice of claim and offer of settlement letter was mailed to the Appellant on March 17, 1981. Appellant did not respond. Suit was filed on May 20, 1981.

The jury found that Appellant had misrepresented the quality of the merchandise, thereby producing actual damages of $10,-000.00. They found that the misrepresentation was made knowingly and assessed exemplary damages of $12,000.00. Attorney fees were also awarded.

Point of Error No. One asserts that treble damages and attorney fees should be precluded because the statutorily required demand letter of Section 17.50A(a) failed to specify the attorney fees expended up to the date of the letter. Point of Error No. Three lodges the same complaint but, instead of rendition, seeks remand and an abatement.

The purpose of the statutory letter is to "discourage litigation and encourage settlement of consumer complaints." *Barnard v. Mecom*, 650 S.W.2d 123, 127 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). As stated in that case, the demand letter is sufficient if it identifies the nature of the consumer's complaint and the various amounts required to make him or her whole. See also: *Jim Walter Homes, Inc. v. Valencia*, 679 S.W.2d 29, 36 (Tex.App.—Corpus Christi 1984) affirmed, 690 S.W.2d 239 (1985); *North American Van Lines v. Bauerle*, 678 S.W.2d 229, 235 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). If settlement is the purpose and attorney-fees-to-date are sought by a consumer at that stage of the controversy, the amount of attorney fees already expended should unquestionably be specified in the claim let-

ter. Appellee presents a persuasive argument that this letter offered to completely satisfy the complaint by payment of only actual contractual damages, without asking for attorney fees. Appellant could have settled the claim by restitution of the sale price or payment of the difference between the value of the goods as warranted and as tendered. Attorney fees were only mentioned in the letter as a consequence of non-settlement and trial. Consequently, the demand letter was adequate in light of what was actually sought by the consumer at that stage. Points of Error Nos. One and Three are overruled.

Point of Error No. Two asserts that the treble damage award should be precluded because the statutory demand letter was not pled and proved by the Appellant. Point of Error No. Four presents the same complaint but seeks alternative relief of remand and abatement.

■ Since the 1979 amendment of Section 17.50A, the notice letter is no longer an affirmative defense issue for the defendant, but a prerequisite to maintenance of the suit by the plaintiff. Consequently, compliance with the statutory provision is a pleading and proof burden for the plaintiff consumer. This does not, however, relieve the defense of its duty to specially except to a defective pleading which fails to assert such compliance. Rules 90 and 91, Tex.R. Civ.P. No such special exception was filed in this case and the absence of averment was raised for the first time in Appellant's brief. Of the cases relied upon by the Appellant, in *Cail v. Service Motors, Inc.*, 660 S.W.2d 814 (Tex.1983) and *Hollingsworth Roofing Company v. Morrison*, 668 S.W.2d 872 (Tex.App.—Fort Worth 1984, no writ), special exceptions were filed prior to charging the jury. *Blumenthal v. Ameritex Computer Corp.*, 646 S.W.2d 283 (Tex.App.—Dallas 1983, no writ), was a default judgment case which is governed by the express provision of Rule 90 that failure to specially except constitutes no waiver in a default judgment. The only case offered to the contrary is *Morgan v. Ritchie*, —— S.W.2d —— (Tex.App.—Corpus

Christi, 13–82–00397, Sept. 12, 1984), which was decided on lack of proof of compliance with the thirty-day advance notice aspect of the requirement, not on failure to plead or inadequate content of the notice letter. We see no reason to deviate from the precise language of Rules 90 and 91. The failure to specially except to the pleading waived that portion of the error complained of in Points of Error Nos. Two and Four. *Montgomery Ward & Company, Inc. v. Dalton*, 665 S.W.2d 507 (Tex.App.—El Paso 1984, no writ).

■ The second aspect of Points of Error Nos. Two and Four is the assertion that Appellee failed to prove that the letter was sent in compliance with the statute. The letter was marked as Defendant's Exhibit No. 2 and tendered to the court outside the presence of the jury. A plaintiff has no burden to obtain a jury finding on an undisputed fact issue not submitted. *George Pharis Chevrolet, Inc. v. Polk*, 661 S.W.2d 314 (Tex.App.—Houston [1st Dist.] 1983, no writ). There was never any dispute in the trial court that the letter was sent in a timely manner and received by the Appellant. Appellant's only challenges to the notice letter are the failure to plead it, raised for the first time on appeal, and the adequacy of its content with regard to attorney fees, which as noted above is without merit. The latter issue was the only objection raised at trial. Appellant objected to plaintiff's counsel's testimony as to reasonable attorney fees. The basis for objection was not failure to timely send a notice letter but the failure to specify an amount of attorney fees in the letter. At the close of all evidence, Appellant moved for an instructed verdict. The motion made no reference to pleading or proof with regard to the notice letter or attorney fees. Thereafter, Appellant filed his objections to the charge. None of the present issues were raised in these objections.

In summary, Appellant's four points of error raise three challenges concerning the compliance with Section 17.50A(a): 1) inadequacy of the letter's notice with regard to attorney fees; 2) failure to plead compli-

ance with Section 17.50A(a); 3) failure to prove compliance with Section 17.50A(a). The first is without merit because the settlement demanded in the letter made no claim for attorney fees. Full satisfaction could have been achieved without Appellant's being liable for any such cost. The second point must be denied due to failure to specifically except to the petition. The third is without merit because the content of the notice letter was adequate, the remaining procedural prerequisites were not disputed, and the damage issues went to the jury without motion for instructed verdict or objection to the charge raising the present points of error. Points of Error Nos. Two and Four are overruled.

The judgment is affirmed.