ACCO CONSTRUCTORS,
INC., Appellant,

v.

NATIONAL STEEL PRODUCTS
CO., Appellee.

No. A14–86–643–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 25, 1987.

Karl C. Hoppess, James A. Gieske, Houston, for appellant.

James I. Smith, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a judgment entered in favor of appellee, National Steel Products Co. (National) against Acco Constructors, Inc. (Acco). Issues on appeal concern: (1) offsets; (2) prejudgment interest; (3) calculation of the judgment; and (4) attorneys' fees. As modified, we affirm the judgment of the trial court.

In 1976, appellant entered into a builder agreement with appellee. Under the agreement, National furnished engineering, prefabricated steel components and sometimes steel erection services for steel buildings that Acco contracted to build for various customers. During 1977 and 1978, steel fabrication and engineering problems arose on several projects. Appellant wrote appellee demanding payment for the damages allegedly suffered as a result of those problems. Except for cancelling the builder agreement, appellee never responded to appellant's demand and this suit was eventually filed.

Appellant filed suit seeking damages for breaches of contract, breaches of warranties, and deceptive trade practices. Appellee counterclaimed for its accounts receivable and interest owed by appellant. The case was submitted on special issues to a jury which found that appellant was entitled to actual damages of $207,000.00 and consequential damages of $100,000.00. No issues were submitted to the jury on appellee's counterclaim because it was not contested at trial. After both parties filed several motions, the trial court eventually rendered a judgment which made the following awards: $307,000.00 in actual and consequential damages, $110,390.69 in prejudgment interest on its *actual damages*, and $46,500.00 (plus additional amounts for appeals) in attorneys' fees to Acco; and $256,904.86 on its counterclaim, $301,175.11 in prejudgment interest, and $46,500.00 (plus additional amounts for appeals) in attorneys' fees to National. Consequently, when the trial court offset appellee's counterclaim, including contractual prejudgment interest, against appellant's jury award, including prejudgment interest on its actual damages, the result was a judgment in favor of National for $140,688.28 plus costs.

In its first and fifth points of error appellant contends the trial court erred in allowing appellee's counterclaim as an offset against the jury award. Appellee asserts there was no evidence or jury findings that appellee performed in accordance with the contract and there was no "stipulation" between the parties concerning the counterclaim. We do not agree.

■ A review of the entire record of the trial reveals that appellant never contested appellee's counterclaim. All of the exhibits necessary to appellee's counterclaim were admitted into evidence without objection. Further, appellant's own witnesses admitted each of the necessary elements of appellee's cause of action. These facts, alone, are sufficient to sustain the trial court's allowance of an offset.

■ Regarding the "stipulation," appellant's counsel, during a discussion with the trial court and opposing counsel, acknowledged that appellee had proved its counterclaim. Additionally, appellant's counsel never objected when informed by the trial court that it would either enter a judgment or allow an offset, whichever was appropriate, for appellee on the counterclaim. Having failed to contest or object to appellee's counterclaim, appellant cannot now complain on appeal. Tex.R.App.P. 52(a). Ap-

pellant's first and fifth points of error are overruled.

In its second, fourth, and sixth points of error appellant contends the trial court erred in awarding prejudgment interest on appellee's counterclaim and allowing that interest as an offset against the jury award. We do not agree.

■ First, appellant asserts appellee was not entitled to prejudgment interest because there was no evidence to support the award. However, the record clearly shows that the parties had entered into a written contract. One of the terms and conditions of the contract was "in the event an invoice is not paid within the term date, interest will be assessed at the rate of 10% per annum except on the invoices exceeding $5,000 to corporations where the rate is 18% per annum."

■ Next, appellant asserts appellee was not entitled to prejudgment interest because a proper tender offer had been made. The record shows that in September 1978 appellant sent appellee a letter claiming damages from deceptive trade practices and breaches of warranty. However, this letter was not an offer to pay past due invoices; rather, it was a demand of payment for damages, which could not in any way be construed as a tender offer.

■ Finally, since appellee was entitled to offset its counterclaim for unpaid invoices against the jury award, it was also entitled to offset the accrued interest under the contract. See Nalle v. Harrell, 118 Tex. 149, 12 S.W.2d 550 (1929). Appellant's second, fourth, and sixth points of error are overruled.

■ In its third point of error appellant contends the trial court erred in failing to treble the jury's award prior to offsetting appellee's counterclaim. We do not agree. In Smith v. Baldwin, 611 S.W.2d 611 (Tex. 1981), the supreme court specifically stated that all allowable offsets should be taken into consideration prior to the trebling of actual damages under the Deceptive Trade Practices Act. See also McKinney v. Drozd, 685 S.W.2d 7 (Tex.1985). Appellant's third point of error is overruled.

In its seventh point of error appellant contends the trial court erred in awarding prejudgment interest of six percent per annum on its actual damages. Appellant, relying upon Cavnar v. Quality Control Parking, Inc., 696 S.W.2d 549 (Tex.1985), argues that it is entitled to prejudgment interest of ten percent per annum, compounded daily, on the entire jury award.

Appellee, on the other hand, contends the trial court correctly awarded the prejudgment interest on appellant's actual damages pursuant to Tex.Rev.Civ.Stat.Ann. art. 5069-1.03 (Vernon Supp.1987). We do not agree.

■ Article 5069-1.03 provides:

When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on *all accounts and contracts ascertaining the sum payable,* commencing on the thirtieth (30th) day from and after the time when the sum is due and payable. (emphasis added).

We find that this article does not apply because appellant's cause of action did not involve a fixed sum ascertainable from the contract itself. See McCann v. Brown, 725 S.W.2d 822 (Tex.App.—Fort Worth 1987, no writ); Allied Bank West Loop v. C.B.D. & Assoc., 728 S.W.2d 49 (Tex.App. —Houston [14th Dist.] 1987, no writ). Therefore, the trial court could only award prejudgment interest under general principles of equity. See Phillips Petroleum Co. v. Stahl Petroleum Co., 569 S.W.2d 485 (Tex.1978).

In Cavnar, the supreme court stated: The time has come to revise the prejudgment interest rule to make injured parties whole and restore equity and symmetry to this area of the law. We therefore hold that, as a matter of law, a prevailing plaintiff may recover prejudgment interest compounded daily (based on a 365–day year) on damages that have accrued by the time of judgment. To the extent that other cases conflict with this holding, they are overruled. Prejudgment interest shall accrue at the prevailing rate that exists on the date judgment

is rendered according to the provisions of Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 § 2 (Vernon Supp.1985). In addition to achieving full compensation, awarding prejudgment interest in personal injury cases at a rate close to the market rate will also serve to expedite both settlements and trials.

*Cavnar*, 696 S.W.2d at 553–54. Besides extending the recovery of prejudgment interest to personal injury cases, *Cavnar* established a uniform standard for determining the amount of prejudgment interest in all cases where the amount of interest was not controlled by operation of law. *See McCann*, 725 S.W.2d at 822 (DTPA); *Allied Bank West Loop*, 728 S.W.2d at 49 (business negligence); *Perry Roofing Co. v. Olcott*, 722 S.W.2d 538 (Tex.App.—Fort Worth 1986, writ granted) (breach of contract); *Ralston Purina Co. v. Barkley Feed & Seed*, 722 S.W.2d 431 (Tex.App.—Houston [1st Dist.] 1986, no writ) (products liability, negligent failure to recall); *City of Houston v. Wolfe*, 712 S.W.2d 228 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd) (eminent domain); *Quintero v. Jim Walter Homes, Inc.*, 709 S.W.2d 225 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.) (DTPA); *McKinney v. Meador*, 695 S.W.2d 812 (Tex.App.—Tyler 1985, writ ref'd n.r.e.) (negligent damage to property). That standard should have been applied in this case as well. Once the trial court determined that appellant was entitled to prejudgment interest, it had no discretion in determining the amount of prejudgment interest. *Matthews v. DeSoto*, 721 S.W.2d 286 (Tex. 1986). We hold the trial court erred when it awarded prejudgment interest at a rate less than that dictated by Tex.Rev.Civ.Stat. Ann. art. 5069–1.05, § 2 (Vernon Supp. 1987) (ten percent per annum, compounded daily).

Appellee also contends that the trial court correctly refused to award prejudgment interest on appellant's consequential damages because prejudgment interest may only "be recovered when an ascertainable sum of money is determined to be due and payable at a certain time." Again, we do not agree.

■ In *Cavnar*, the court held that it is not necessary for a party to establish exactly when each element of a damage award was incurred in order to collect prejudgment interest. *Cavnar*, 696 S.W.2d at 555. However, even before *Cavnar*, prejudgment interest was recoverable in cases such as this, where the record clearly shows that the damage award represented losses, including lost profits and devaluation of the company's stock, incurred by appellant due to appellee's actions. *See Ralston v. Purina*, 722 S.W.2d at 435, and cases cited therein. The trial court erred in not awarding prejudgment interest pursuant to Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 (Vernon Supp.1987) on appellant's consequential damages. Appellant's seventh point of error is sustained.

■ In its eighth point of error appellant contends, and appellee agrees, that the trial court erred in awarding appellee attorney's fees in excess of the amount stipulated. The record shows the parties stipulated that appellee was entitled to $44,-200.00 as reasonable attorney's fees, not $46,500.00 as reflected in the judgment. Appellant's eighth point of error is sustained.

In accordance with our holdings in appellant's seventh and eighth points of error, the judgment of the trial court is modified to reflect the following:

First, Acco is entitled to recover $307,-000.00 in actual and consequential damages; prejudgment interest on the entire jury award, *including consequential damages*, at the rate of ten percent per annum, compounded daily, from January 1, 1979, to May 1, 1986,[1] in the amount of $332,-346.07;[2] and $46,500.00 (plus additional

---

1. Since neither party raised a point of error contesting this time period, error, if any, has been waived. Tex.R.App.P. 52(a).

2. This calculation is based upon the following compounded interest formula:

amounts for appeals) in attorneys' fees from National.

Next, National is entitled to recover $256,904.86 on its counterclaim; prejudgment interest on the counterclaim in the amount of $301,175.11; and *$44,200.00* (plus additional amounts for appeals) in attorneys' fees from Acco.

Finally, after taking all the allowable offsets, there is now a net recovery of $81,284.10 in favor of Acco.[3] Consequently, Acco is entitled to recover $243,852.30 in damages, $2,300.00 in attorneys' fees, and court costs from National.[4]

As modified, we affirm the judgment of the trial court.

$i$ = amount of interest

$d$ = damages = \$307,000

$r$ = daily interest rate = .10/365

$t$ = number of compounding periods = number of days from January 1, 1979, to May 1, 1986 = 2678

$i = 307,000 \, (1 + .10/365)^{2678} - 307,000$
$= 639,346.07 - 307,000$
$= 332,346.07$

**3.**
net recovery = (Acco's jury award + prejudgment interest) − (National's counterclaim + prejudgment interest)

= (307,000.00 + 332,346.07) − (256,904.86 + 301,175.11)
= 639,364.07 − 558,079.97
= 81,284.10

**4.** The 1973 version of DTPA, in effect at the time this suit was filed, provided that a prevailing party may obtain three times the net recovery plus court costs and attorneys' fees. *See* Tex. Bus. & Com.Code Ann. § 17.50, 1973 Tex.Gen. Laws 327, *amended by,* 1979 Tex.Gen.Laws 1330

damages = (net recovery × 3)
= 81,284.10 × 3
= 243,852.10

attorneys' fees = (Acco's attorneys' fees − National's attorneys' fees)
= 46,500.00 − 44,200.00
= 2,300.00