DEES 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-190-CV





LEAH LOU DEES,



 APPELLANT


vs.





ROBERT EDWARD DEES,



 APPELLEE



 




FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT



NO. 93-324, HONORABLE LINDA RODRIGUEZ, JUDGE PRESIDING



 





 Appellant Leah Lou Dees appeals from a final divorce decree rendered by the
district court of Hays County on January 18, 1994. In the decree, appellee Robert Edward Dees
was named managing conservator of Robert Jennings Dees, a minor child of the marriage, and
appellant was granted supervised visitation rights. The gravamen of appellant's points of error
is that the trial court erred in not ordering blood tests to determine the paternity of the child. We
will affirm the trial court's decree.

 As the party seeking review, appellant had the burden to present a record showing
error requiring reversal. Tex. R. App. P. 50(d); Christiansen v. Prezelski, 782 S.W.2d 842, 843
(Tex. 1990); University of Tex. at Austin v. Hinton, 822 S.W.2d 197, 202 (Tex. App.--Austin
1991, no writ). Appellant failed to procure findings of fact and conclusions of law from the trial
court. (1) In the absence of findings of fact and conclusions of law, we must affirm the judgment
of the trial court on any legal theory supported by the evidence. Without findings or conclusions,
we presume the trial court resolved all questions of fact in support of the judgment. Pierson v.
GFH Fin. Servs. Corp., 829 S.W.2d 311, 314 (Tex. App.--Austin 1992, no writ). Appellant also
failed to timely file a statement of facts with this Court. See Dees v. Dees, No. 3-94-190-CV
(Tex. App.--Austin June 29, 1994, no writ h.) (order denying motion for extension of time to file
statement of facts). In the absence of a statement of facts, this Court must presume that the
evidence supports the trial court judgment. Guthrie v. National Homes Corp., 394 S.W.2d 494,
495 (Tex. 1965); Fort Bend County v. Texas Parks & Wildlife Comm'n, 818 S.W.2d 898, 900
(Tex. App.--Austin 1991, no writ).

 Appellant contends that appellee is not the child's biological father. Her first point
of error asserts that the trial court erred in not ordering blood tests to determine paternity in the
final decree of divorce as required by Texas Family Code Annotated § 12.06 and § 13.02. 
Appellee responds that blood tests were ordered at a prior hearing but never completed because
appellant was unwilling to pay one-half of the cost as ordered by the court on May 26, 1993. The
record on appeal contains no evidence of whether the trial court failed to order the requested blood
tests or ordered the blood tests on certain conditions or which party refused to comply with such
order. In the absence of such a record, we presume the trial court resolved this question in a
manner that supports its judgment. We overrule appellant's first point of error.

 In her second and fourth points of error, appellant argues that the trial court erred
in overruling a motion for continuance and in failing to appoint an attorney ad litem. Appellant
apparently filed no written motion for continuance, and therefore we have no record before us that
such a motion was made or that the required affidavit was filed in support of the motion. See
Tex. R. Civ. P. 251, 252; McCann v. Brown, 725 S.W.2d 822, 826 (Tex. App.--Fort Worth 1987,
no writ). Similarly, nothing in the record indicates that appellant asked the trial court to appoint
an attorney ad litem because the interests of the child would not otherwise be adequately
represented. Accordingly, we overrule appellant's second and fourth points of error.

 Appellant asserts in her third point of error that "the trial court erred in not
imposing a lesser sanction on appellant for any perceived failure to submit to a blood test." To
be considered by a court of appeals, a point of error must direct the court's attention to the error
about which complaint is made. Tex. R. App. P. 74(d). The trial court's decree does not
mention sanctions. Moreover, appellant does not discuss any sanctions, cite a record reference
to sanctions, or cite any authority in her argument to support a contention that part of the divorce
decree functions as a sanction. See Tex. R. App. P. 74(f); Teague v. Bandy, 793 S.W.2d 50, 58
(Tex. App.--Austin 1990, writ denied) (holding that points of error not supported by authority are
waived). Because we are unable to discern the substance of appellant's argument, we overrule
her third point of error.

 The trial court's decree of divorce is affirmed.



 

 Bea Ann Smith, Justice

Before Jutices Powers, Aboussie and B. A. Smith

Affirmed

Filed: November 2, 1994

Do Not Publish

1.   Although the appellant requested findings of fact and conclusions of law, she did not
file a notice of past due findings of fact and conclusions of law as required under Tex. R.
Civ. P. 297. Thus, appellant has waived any complaint concerning the trial court's
failure to file requested findings of fact. See Pierson v. GFH Fin. Servs. Corp., 829 S.W.2d
311, 314 (Tex. App.--Austin 1992, no writ).