**CERTAINTEED CORPORATION, Appellant,**

v.

**CIELO DORADO DEVELOPMENT, INC., Appellee.**

No. 08–85–00334–CV.

Court of Appeals of Texas, El Paso.

April 1, 1987.

Rehearing Denied April 29, 1987.

Ralph E. Harris, El Paso, for appellant.

Malcolm McGregor, Susan Larsen, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

As a result of a jury verdict, the trial court entered judgment for Appellee, Cielo Dorado Development, Inc., against Appellant, Certainteed Corporation. The recovery was pursuant to the Texas Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. (Vernon Supp.1987). We reverse and remand.

Appellee sued Appellant, a pipe manufacturer, and others in regard to the design, sale and construction of an underground irrigation system installed in a fly-in residential community development built around an airstrip. Appellee's suit was for damages alleging acts of negligence, breach of implied and expressed warranties and deceptive trade practice violations. All defendants in the trial court settled prior to jury selection except Appellant. The jury returned a verdict favorable to Appellee. Appellee in the trial court filed its motion for judgment, stating to the trial court as follows:

(a) its suit was under the Texas Deceptive Trade Practice Act, and

(b) therefore, it could elect to recover the greatest amount of damages awarded by the jury, and

(c) therefore, it elected to recover as damages the reasonable cost of remedying the defective system, and

(d) therefore, it waived recovery of damages consisting of the difference between what was paid for the irrigation system and the value received.

The trial court, in agreement with the Appellee and pursuant to the answers to the issues by the jury, entered the following judgment for the Appellee:

(a) $200,000.00 for the cost of replacement of the irrigation system,

(b) $35,321.58 which represented the $25,000.00 the jury found as the cost of repairs to the system from completion date to June 1981, plus interest,

(c) $10,000.00 for repair of the system from June, 1981, to date of trial,

(d) $33,282.94 representing $22,000.00 found by the jury for cost of repair for the asphalt damaged by the system, plus interest to date of judgment,

(e) $2,000.00 which was two times the portion of actual damages that did not exceed $1,000.00,

(d) plus a total amount of attorney's fees including those in case of appeal for $42,900.00.

Appellee, before the trial court after verdict of the jury and before this Court, candidly admits that its total recovery is based on the Texas Deceptive Trade Practice Act.

By Point of Error No. Four, Appellant contends that the trial court erred in entering judgment for Appellee under the Texas Deceptive Trade Practice Act because of Appellee's failure to comply with the notice provisions of the act.

Section 17.50A of the Texas Deceptive Trade Practices Act (Tex.Bus. & Com.Code, sec. 17.50A) expressly provides:

As a prerequisite to filing a suit seeking damages under [this act] against any person, a consumer shall give written notice to the person at least thirty days before filing suit advising the person of the consumer's specific complaint and the amount of actual damages and expenses, including attorney's fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

Appellant duly alerted Appellee when in its first amended original answer it stated: "[p]laintiff has failed to comply with the provisions of Section 17.50A, Texas Deceptive Trade Practices-Consumer Protection Act, and is thus not entitled to recover any alleged damages under the Texas Deceptive Trade Practices-Consumer Protection Act."

During the jury trial and in the presentation of its case-in-chief, Appellee's attorney testified as follows:

Ladies and gentlemen of the jury, on June 2nd 1981, a demand letter was sent to Certainteed Products Corporation by Mr. Tom Gilstrap, who was the lawyer representing Cielo Dorado at that time. This letter was sent out pursuant to the Deceptive Trade Practices Act.

No letter was introduced and no statement was made as to whether the letter contained specific complaints, the amount of attorney's fees, the amount of actual damages sought and the expenses claimed.

When Appellee rested its case-in-chief, Appellant made its motion for instructed verdict and stated to the court, among other things, as follows:

Plaintiff has wholly failed to comply with the provisions of Section 17.50 of the Business and Commerce Code of the State of Texas; specifically, Plaintiff has failed to give the Defendant notice of any claim and the amount of damages— specific damages allegedly suffered, and the specific amount of any attorney's fees and/or expenses which might have been incurred as a result of any deceptive trade practice.

The trial court denied Appellant's motion for directed verdict. The Supreme Court has already spoken when discussing the Deceptive Trade Practice Act sec. 17.50, saying, "[t]hus the statute is to be enforced as interpreted by its express language." *Cail v. Service Motors, Inc.*, 660 S.W.2d 814 (Tex.1983).

Appellee totally failed to prove that it gave written notice advising the Appellant of the amount of actual damages claimed as well as attorney's fees and other expenses. We therefore find that Appellee has failed to prove that he gave notice containing the required elements claimed as a prerequisite to filing suit and that Appellant properly raised and objected to such failure. *Sunshine Datsun, Inc. v. Ramsey*, 680 S.W.2d 652 (Tex.App.—Amarillo 1984, no writ).

Appellant's Point of Error No. Four is sustained; therefore, it becomes unnecessary to discuss Appellant's other points of error which may not become a factor in the event of another trial.

We reverse the judgment of the trial court and remand the case with instructions to the trial court to abate the suit for a period of time not to exceed thirty days during which Appellee, as a condition to retrial of this case of its claims for damages and attorney's fees, may give the statutory required notice under Section 17.-50A(a) of the Deceptive Practice Act.