SUNSHINE DATSUN, INC., Appellant,

v.

Bette RAMSEY, Appellee.

No. 07–83–0063–CV.

Court of Appeals of Texas,
Amarillo.

Nov. 8, 1984.

Marvin Jones, Amarillo, for appellant.

John Judge, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Sunshine Datsun, Inc., brings this appeal from a judgment, rendered on a jury verdict, decreeing its monetary liability to Bette Ramsey in her action to recover damages authorized by the Deceptive Trade Practices-Consumer Protection Act (DTPA). Tex.Bus. & Com.Code Ann. § 17.-41 *et seq.* (Vernon Supp.1984). Because Mrs. Ramsey's pre-suit notice of her claim against Sunshine Datsun was insufficient to satisfy the statutory notice required as a prerequisite to filing suit, we reverse and remand.

When the new 1981 Datsun automobile Mrs. Ramsey purchased from Sunshine Datsun was delivered, the hood was not properly positioned and the body side moldings were missing. The salesman took the car to be fixed, telling Mrs. Ramsey she could pick it up two days later. After Mrs.

Ramsey unsuccessfully attempted to obtain the car for twelve days following the date it was to be repaired, her attorney made a written demand on Sunshine Datsun. Approximately a week or ten days after the demand, Sunshine Datsun notified Mrs. Ramsey's husband that the car was ready and, when Mrs. Ramsey did not pick up the car, it was delivered to her home forty-seven days after it had been taken to be repaired. Upon delivery of the car, its odometer registered an additional 150 miles and its upholstery on the passenger seat had sustained four cigarette burns.

Mrs. Ramsey instituted her DTPA action and obtained a favorable verdict from a jury. The trial court rendered judgment, and Sunshine Datsun brought this appeal predicated on twelve points of error. By its second point, Sunshine Datsun contends that Mrs. Ramsey's letter did not meet the DTPA's *notice-of-claim* requirement which is made a prerequisite to the filing of her suit. We agree and sustain the point, thereby pretermitting an address of the other points which should not recur in the same form in the event of further proceedings.

The letter sent by Mrs. Ramsey's attorney advised Sunshine Datsun of the specifics of, as well as the circumstances giving rise to, her complaints, and then stated:

> Demand is hereby made for the immediate return of my client's vehicle together with a sum of money representing the fair rental value of the vehicle for each day that it has been in your possession subsequent to August 19, 1981 [the day the car was taken by Sunshine Datsun to be repaired].

The letter was sent thirty days before the filing of Mrs. Ramsey's suit, which was filed three days before the car was redelivered to her by Sunshine Datsun. No other written notice of claim for monetary redress from Sunshine Datsun was given.

■ Mrs. Ramsey's suit is predicated on section 17.50 of the DTPA, which authorizes an action by a consumer subjected to deceptive trade acts or practices, and she seeks damages measured by the provisions

of section 17.50(b)(1), together with reasonable attorney's fees allowed by section 17.-50(d). To maintain the action for damages, section 17.50A(a) requires that

> As a prerequisite to filing a suit seeking damages under Subdivision (1) of Subsection (b) of Section 17.50 ... against any person, a consumer shall give written notice to the person at least 30 days before filing the suit advising the person of the consumer's specific complaint and the amount of actual damages and expenses, including attorneys' fees, if any ....

The language is a clear expression that the mandatory requirement for filing suit is the written notice setting forth the matters specified. Thus, the notice of the claim must include the actual damages and attorney's fees as a prerequisite to recovery under section 17.50(b)(1). *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex. 1983).

It is at once apparent that Mrs. Ramsey's notice letter does not comply with the statutory requirement to advise Sunshine Datsun of the amount of actual damages and attorney's fees claimed as a prerequisite to filing her suit by which she sought specific amounts of damages and attorney's fees. Yet, aside from her patently untenable submission that her written notice actually gave more notice than was required by the statute, Mrs. Ramsey argues that it was impossible for her to comply with the rigid notice requirements of the statute. The impossibility obtains, she asserts, because when the notice letter was drafted, she could not have known what her damages, resulting from her loss of use and the reduction in the vehicle's market value, would be until the car was returned, and, at that point, it was not clear that any significant amount of attorney's fees had been incurred in the absence of prosecution of the action. We are not persuaded to that view.

■ First, we note the adduction of expert testimony that $38 is the daily rental value of a similar car, and no reason is shown why that daily rate, or a comparable

one, was not noticed in the letter as applicable to each day the car was in Sunshine Datsun's possession. Second, the amount of attorney's fees accruing at the time of the letter, significant or not, could be stated, *id.*, there being no requirement in the statute for demanding an amount for attorney's fees in the event suit is filed.

■ More pertinent, however, is that when Sunshine Datsun redelivered the car three days after the letter was sent, it was evident Mrs. Ramsey's claim for damages was not limited to the letter claim of damages for loss of use of the car. At that time, her specific complaints were known and the amounts of damages therefor, including attorney's fees, were ascertainable. With that information, Mrs. Ramsey could have given the statutory notice made a prerequisite to filing her suit seeking damages pursuant to section 17.50(b)(1), such notice not being rendered impracticable under section 17.50A(b) by reason of necessity of filing suit to prevent the expiration of the statute of limitations.

Given Mrs. Ramsey's noncompliance with the notice requirement as a prerequisite to filing her suit, Sunshine Datsun contends that the judgment should be reversed and a judgment ordering that Mrs. Ramsey take nothing should be rendered, pointing out that it pleaded the deficiency of notice and, based on the lack of the required notice, filed its motion for an instructed verdict, objected to the submission of special issues, and moved for judgment notwithstanding the verdict. Although we agree that the lack of the required notice dictates a reversal of the judgment rendered, we do not agree that it calls for the rendition of a take-nothing judgment by this Court.

Even though the statutory language clearly manifests the Legislative intent that the notice provision is mandatory, there is no legislative expression of the consequences of a failure to give the mandatory notice. It is settled that there can be no recovery absent the required pre-suit

notice, *id.;* but, to render a take-nothing judgment upon a determination of the consumer's noncompliance with the notice provision would be contrary to the expressed legislative scheme, announced in section 17.44, to provide protection, and the efficient and economical procedures to secure it, to consumers against deceptive trade acts or practices, particularly since the provisions are to be liberally construed and applied. Logically, the notice requirement, albeit mandatory, is one of those procedures designed to provide the protection efficiently and economically by affording the opportunity for pre-suit negotiations and settlement in avoidance of lengthy and costly litigation.

On balance, then, we conclude that where, as here, the consumer fails to give the notice required as a prerequisite to filing the suit and the defendant objects to the failure, the legislative scheme of consumer protection is more reasonably effected by an abatement of the filed suit, to allow the giving of proper notice, for a period of time not to exceed the 30-day statutory time for giving notice. This conclusion is reinforced by our Supreme Court's parallel determination that the purpose of another statute's similar mandatory pre-suit notice requirement, *i.e.,* to encourage pre-suit negotiations of a plaintiff's claim so as to avoid excessive cost of litigation, could be accomplished by requiring an abatement of the suit for the giving of notice rather than by dismissing the suit. *Schepps v. Presbyterian Hosp. of Dallas,* 652 S.W.2d 934, 938 (Tex.1983). *Accord, Hutchinson v. Wood,* 657 S.W.2d 782, 782–83 (Tex.1983).

Accordingly, the judgment is reversed and the cause is remanded. On remand, the trial court shall abate the suit for a period of time not to exceed thirty days during which, as a condition to litigating her claims for damages and attorney's fees, Bette Ramsey may give the statutory notice required by section 17.50A(a) of the DTPA.