**STAR–TEL, INC., et al., Appellants,**

v.

**NACOGDOCHES TELECOMMUNICATIONS, INC., Appellee.**

No. 01–87–00403–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 21, 1988.

Rehearing Denied May 26, 1988.

James Locke, Bryan, for appellants.

M. Charles Gandy, College Station, for appellee.

Before DUNN, WARREN and COHEN, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a judgment on a jury verdict, awarding $180,000 in damages, plus attorney's fees, in a suit under the Deceptive Trade Practices Act (DTPA) against Star–Tel, Inc. and Ed. R. Stephenson (appellants) jointly and severally.

Nacogdoches Telecommunications, Inc. (appellee) brought suit against Star–Tel, Inc., franchisor of a long distance service, and Ed R. Stephenson, owner, for damages under a DTPA and breach of contract cause of action, concerning a franchise agreement between the parties. The facts surrounding the agreement and allegations made in the suit are immaterial to the points of error raised on appeal. However, various pleadings, motions filed, and orders granted are significant to two of the points of error challenging non-compliance with the statutory prerequisite notice to the DTPA cause of action.

Appellee filed its original petition on February 1, 1984, in Nacogdoches County. Upon grant of appellants' motion to transfer venue, all pleadings, motions, and orders were refiled in Brazos County on July 31, 1984. On October 31, 1986, appellee filed a second amended original petition, where for the first time it alleged that on February 1, 1984, appellants were given the prerequisite notice of the specific complaint and the amount of damages, including attorney's fees, in accordance with the DTPA. On December 12, 1986, during trial, but before the charge to the jury, appellants filed a supplemental special exception to appellee's second amended petition, in which they alleged that appellee had failed to *plead* the statutory prerequisite notice to its DTPA cause of action. Appellants' request that appellee be ordered to make a

trial amendment to their pleadings was denied. (Appellants previously had filed a special exception to the first original petition, but made no mention of appellee's failure to plead the prerequisite notice.) After the jury verdict, appellants filed a motion for judgment [notwithstanding the verdict] requesting the court to disregard all findings on the DTPA cause of action, because of appellee's alleged failure to *prove* the prerequisite notice. Denying appellants' motion, the court entered judgment based on the jury's findings and awarded $173,000 in actual damages, $2,000 in mandatory statutory damages and $5,000 in additional damages under the DTPA cause of action, attorney's fees of $30,000, and further specified sums for attorney's fees in the event of appeal. The judgment for damages was awarded against Star–Tel and Stephenson, jointly and severally.

Points of error one and three challenge appellee's failure to plead and prove the prerequisite notice required in section 17.505(a) of the DTPA, which reads:

(a) As a prerequisite to filing a suit seeking damages under Subdivision (1) of Subsection (b) of Section 17.50 of this subchapter against any person, a consumer shall give written notice to the person at least 30 days before filing the suit advising the person of the consumer's specific complaint and the amount of actual damages and expenses, including attorney's fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

Tex.Bus. & Com.Code Ann., sec. 17.505 (Vernon 1987) (previously sec. 17.50A).

In point of error one, appellants argue that the trial court erred in overruling their supplemental special exception (filed before the jury charge in compliance with Tex.R. Civ.P. 90) to appellee's second amended original petition, because the petition made no allegation of "written demand for settlement setting forth damages and reasonable attorney fees at least 30 days prior to filing the lawsuit." In their brief, appellants acknowledge that appellee's petition alleged that notice was given of the specific complaint, damages, and attorney's fees, but they argue that (1) the petition did not allege that notice was sent 30 days before filing suit, and (2) the date of the notice pleaded, February 1, 1984, was the same as the date of filing stamped on the original petition, and, therefore, the pleadings demonstrated that 30 days notice before filing was not given.

In point of error three, appellants challenge the trial court's denial of their motion for judgment, because the "demand letter," entered into evidence by appellee, demonstrated on its face that notice had not been given 30 days before filing. The date of the letter entered into evidence, like the date of the notice pleaded, was the same date of the original filing stamped on the original petition.

Appellee challenges the appropriateness and the timeliness of the special exception to raise this particular defect in the pleadings. Appellee further argues that appellants have waived both point of error one, challenging appellee's failure to fully plead the prerequisite notice, and point of error three, challenging appellee's failure to prove the prerequisite notice, because appellants have failed to bring forth a statement of facts. *Guthrie v. National Homes*, 394 S.W.2d 494, 495 (Tex.1965); *Lane v. Fair Stores*, 150 Tex. 566, 243 S.W.2d 683 (1951); *Republic Bankers Life Ins. Co. v. McCool*, 441 S.W.2d 314 (Tex. Civ.App.—Tyler 1969, no writ).

A statement of facts is necessary to challenge the sufficiency of the evidence. In the absence of a statement of facts, there is a presumption that the evidence supports the judgment. *Guthrie*, 394 S.W.2d at 495. While a statement of facts is not necessary to show complained of defective pleadings, it is necessary to show that appellants objected to the introduction of any evidence not raised by the pleadings, so as to prevent trial by consent. *See* Tex.R.Civ.P. 67.

Appellants argue that no statement of facts is necessary in this case because the court does have before it the pleadings, complained of in point of error one regarding the special exception, and the "demand

letter" introduced into evidence, complained of in point of error three regarding the motion for judgment. Even should there be merit to this argument of appellants, and the particular objections raised were appropriate and timely so as to have allowed the trial court an appropriate opportunity to grant relief, appellants had all the notice the courts have required in fashioning a remedy for failure to comply with the prerequisite notice section of the DTPA.

■ In all of the DTPA cases we have found pertaining to the prerequisite notice, the defect complained of was either that no notice was given or that the notice failed to allege the amount of damages and/or attorney's fees, so as to afford the defendant an opportunity to cure or offer settlement. While there is a lack of consensus in these cases about the proper remedy for noncompliance after a trial has resulted in the award of DTPA damages, there appears to be agreement that, at least when noncompliance is brought to the attention of the trial court prior to trial, the appropriate remedy is to abate the trial for 30 days after the prerequisite notice is given. *E.g., Moving Co. v. Whitten,* 717 S.W.2d 117, 124 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Sunshine Datsun, Inc. v. Ramsey,* 680 S.W.2d 652, 655 (Tex.App.—Amarillo 1984, no writ) (even applying abatement after a trial on the merits); *Hollingsworth Roofing Co. v. Morrison,* 668 S.W.2d 872, 875 (Tex.App.—Fort Worth 1984, no writ) (finding abatement after a trial to be inappropriate). This remedy is based on the conclusion that abatement can accomplish the legislative intent to provide an opportunity for defendants to cure or offer settlement (evidenced by section 17.-505 c), and avoid the costs of litigation and the possibility of treble damages and attorney's fees. *E.g., Sunshine Datsun,* 680 S.W.2d at 655 (analogizing with *Hutchinson v. Wood,* 657 S.W.2d 782 (Tex.1983) and *Schepps v. Presbyterian Hospital,* 652 S.W.2d 934 (Tex.1983) (interpreting similar notice requirements in another statute).

■ In this case, the only defect complained of is that the prerequisite notice was not given 30 days before filing suit. The appellants had notice of the specific complaint, along with the amount of damages and attorney's fees, six months before the suit was refiled in Brazos County, and almost three years before trial. Therefore, appellants were not deprived of the necessary information nor the opportunity to cure or offer settlement, as intended by the legislature and required by the courts.

Appellants' reliance on *Hollingsworth,* 668 S.W.2d at 875, in their request for denial of all DTPA damages, is misplaced. First, *Hollingsworth* denied only the punitive, not actual, damages under the DTPA. Secondly, and more significantly, *Hollingsworth* is distinguishable in that (1) the defect complained of was that the notice failed to specify the amount of actual damages, and (2) the appellant had brought the defect to the attention of the trial court before trial, at which time the *Hollingsworth* court held that the trial should have been abated. Because a trial on the merits had already been allowed, denial of punitive damages was found to be a more appropriate remedy than abatement of a new trial for 30 days following the prerequisite notice.

In this case, neither denial of punitive damages nor abatement is appropriate because appellants, unlike in *Hollingsworth,* had all of the information necessary to offer settlement, and had this information almost three years before the actual trial. Appellants, therefore, were not harmed.

Points of error one and three are overruled.

In point of error two, appellants argue that the trial court erred in granting judgment against Ed Stephenson, individually, because the addendum to the franchise agreement demonstrates no guarantee or warranty by Stephenson except in the event of sale or reformation of Star–Tel.

Appellants allege that the agreement was the only warranty or guarantee presented by appellee. However, appellants have failed to bring forth a statement of facts in compliance with Tex.R.App.P. 50. In the absence of a statement of facts, there is a presumption that the evidence

supports the judgment. *Guthrie,* 394 S.W. 2d at 495.

Point of error two is overruled.

■ Appellee raises two counterpoints. Counterpoint one seeks the additional attorney's fees of $5,000 awarded by the court in the event of an appeal to the court of appeals. There being no challenge to this award, counterpoint one is sustained.

■ In counterpoint two, appellee requests that a 10 percent penalty be imposed on appellants, pursuant to Tex.R. App.P. 84, which allows the imposition of a penalty for appeal taken for delay and without sufficient cause. Appellee alleges that appellants' appeal is frivolous because of appellants' failure to file a statement of facts.

Before imposition of a penalty, the record must clearly show that at the time the appeal was filed, the appellant had no reasonable grounds to believe judgment would be reversed. *Beago v. Ceres,* 619 S.W.2d 293, 295 (Tex.App.—Houston [1st Dist.] 1981, no writ) (explaining Tex.R. Civ.P. 483, the predecessor to Tex.R.App.P. 84). Because of the confusion over the prerequisite notice section of the DTPA and the appropriate remedy for noncompliance, we cannot say that appellants had no reasonable grounds to believe judgment would be reversed.

Appellee's counterpoint number two is overruled.

The judgment of the trial court, including the additional award for appellee of $5,000 for attorney's fees on appeal, is affirmed.

## OPINION ON REHEARING

After our original opinion was issued on January 21, 1988, appellants, Star–Tel, Inc. ("Star–Tel") and E.R. Stephenson ("Stephenson"), filed a motion for rehearing on February 4, 1988, and then on February 10, 1988, filed a motion to withdraw judgment and opinion and to abate the appeal.

We will first address the motion to withdraw judgment and opinion and to abate the appeal. Appellants base this motion on the fact that on May 15, 1987, appellant, Star–Tel, Inc., filed its original petition under Chapter 11 of the Bankruptcy Code. The original suit was brought against appellants.

■ Bankruptcy Code 11 U.S.C. sec. 362 (Supp. II 1978) automatically stays all judicial proceedings "against the debtor." This article has been interpreted as staying all appeals of proceedings that were originally brought against the debtor, regardless of whether the debtor is the appellant or appellee. *Freeman v. Comm'r of Internal Revenue,* 799 F.2d 1091, 1093–4 (5th Cir.1986); *Teachers Ins. & Annuity Ass'n of America v. Butler,* 803 F.2d 61, 65 (2d Cir.1986); *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.,* 682 F.2d 446, 449 (3d Cir.1982). Any court action in violation of the automatic stay is void, regardless of whether the court had notice of the bankruptcy, *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Wallen v. State,* 667 S.W.2d 621, 623 (Tex.App.—Austin 1984, no writ), and even in spite of the debtor's failure to file a timely suggestion of bankruptcy, *In re Roxse Homes, Inc.,* 74 B.R. 810, 814–15 (Bankr.D.C.Mass.1987); *In re Clark,* 69 B.R. 885, 889–90 (Bankr.E.D.Pa.1987).

■ However, stays pursuant to section 362 are limited to debtors and do not encompass non-bankrupt co-defendants. *Teachers,* 803 F.2d at 65; *Wedgeworth v. Fiberboard Corp.,* 706 F.2d 541, 544 (5th Cir.1983). Several bankruptcy courts have found that, under their general equity powers, they may extend the automatic stay to non-bankrupt general partners if it contributes to the debtors' efforts to achieve rehabilitation. *Id.* (citing *In re John–Mansville Corp.,* 33 B.R. 254 (Bankr.S.D.N.Y.1983) [and others]). However, we have no record before us of any such order by the bankruptcy court.

We therefore grant appellants' motion to withdraw the opinion and stay the appeal in regard to Star–Tel, and deny the motion to withdraw our opinion and stay the appeal in regard to co-defendant Stephenson.

In regard to one of the points of error raised in appellants' motion for rehearing, we wish to clarify our holding.

Appellants argue that our reliance on *Guthrie v. National Homes Corp.,* 394

S.W.2d 494 (Tex.1965), is misplaced for holding that in the absence of a statement of facts, we must presume that the evidence supports the court's judgment awarding damages against Stepehnson, individually. Appellants argue that, unlike in *Guthrie,* there was no special issue submitted on the matter in question in this case.

The general rule is that an independent ground of recovery is waived if no issue thereon is given or requested, *Harmes v. Arklatex Corp.,* 615 S.W.2d 177, 179 (Tex.1981); Tex.R.Civ.P. 279; and no objection is required in order to preserve error, *Malone v. Carl Kisabeth Co.,* 726 S.W.2d 188, 191 (Tex.App.—Fort Worth 1987, writ ref'd n.r.e.). However, an exception to this general rule exists when the ground of recovery is conclusively established by the evidence. *Harmes,* 615 S.W.2d at 179. In the absence of the statement of facts, we must presume that the ground of recovery was conclusively established.

Appellants' motion for rehearing is denied, and the judgment of the trial court against appellant Stephenson, individually, is affirmed. The appeal of the judgment against appellant Star–Tel is stayed pursuant to section 362 of the Bankruptcy Code. Appellant Star–Tel is ordered to notify this Court upon conclusion of the bankruptcy proceedings.