Greg MINOR, Appellant,

v.

Richard K. ALAND, Appellee.

No. 05–88–00447–CV.

Court of Appeals of Texas, Dallas.

July 12, 1989.

Rehearing Denied Aug. 28, 1989.

Steven M. Strong, Randall J. Shafer, Dallas, for appellant.

Ronald Z. Aland, Dallas, for appellee.

Before STEWART, ROWE and OVARD, JJ.

OVARD, Justice.

Appellant, Greg Minor, appeals a judgment in favor of appellee, Richard Aland. A statement of facts was not filed in this case, so we derive the following facts from the transcript. This suit arose when Minor allegedly promised to repair Aland's automobile within two weeks for $1,200.00. Thirty-four weeks later, on October 24, 1984, Minor presented Aland a repair bill for $3,500.00, even though the automobile was still not repaired properly. Minor refused to return Aland's car until he received the full $3,500.00 payment.

On November 5, 1984, the court issued an "Order for Issuance of Writ of Sequestration" ordering that Aland's automobile be taken from Minor and impounded.[1] On November 15, 1984, Aland sent a letter (DTPA notice letter) to Minor notifying him that Aland intended to file an additional cause of action based on the Texas Deceptive Trade Practices—Consumer Protection Act (Vernon 1987) (DTPA). Aland filed his "First Amended Original Petition" on November 16, 1984, suing Minor for breach of express and implied warranties.

On September 11, 1985, Aland filed the DTPA claim realleging the breach of express and implied warranties in a document entitled "Plaintiff's First Supplement to Original Petition" (first supplemental petition). On November 20, 1987, four days prior to trial, Aland refiled the DTPA cause of action for a second time in a "Motion to File Supplement to First Amended Original Petition" (second supplemental petition). Minor filed his response to Aland's second supplemental petition on November 23, 1987, claiming that the DTPA claim operated as a surprise to Minor under Texas Rule of Civil Procedure 63. The trial began on November 24, 1987, and the trial court allowed Aland to proceed on his second supplemental petition.

In three points of error, Minor contends that the trial court erred: (1) by allowing Aland to amend his petition on the day of trial; (2) by awarding Aland an unsubstantiated and unreasonable amount of attorney's fees; and (3) in entering the judgment because there was no evidence to support it. We affirm the judgment of the trial court.

## DTPA

### 1. The Supplemental Petitions

■ Minor's first point of error complains that the trial court erred in allowing Aland to supplement his petition on the day of the trial. Minor argues that under the DTPA he was entitled to 30 days' notice of Aland's intention to file a DTPA cause of action. He also contends that the second supplemental petition unfairly surprised him.

Aland sent Minor a DTPA notice letter on November 15, 1984. Aland's DTPA cause of action was filed ten months later, on September 11, 1985, in his first supplemental petition and refiled in his second supplemental petition on November 20, 1987. Minor's complaint stems from the fact that Aland mistitled his first supplemental petition, referring to his original petition rather than his amended petition. Under rule 71 of the Texas Rules of Civil Procedure, the trial court may treat the pleading as if it has been properly designated. *See Speer v. Stover*, 685 S.W.2d 22, 23 (Tex.1985). While there is some confusion concerning the designation of Aland's pleadings, it is clear that Aland sought to add to his existing petition on two occasions, but without superseding the previous petition. Minor did not file a special exception with the trial court objecting to the fact that Aland's pleadings were designated as supplements. The fact that one of the supplemental petitions was incorrectly designated is of no effect because pleadings will be treated for what they mean and not for what they are called. *Glenn v. Dallas County Bois D'Arc Island Levee*

---

1. "Plaintiff's Original Petition" is not on file with this Court, although there is a reference in an "Application to Show Cause" that the original petition was also filed on November 5, 1984.

*Dist.*, 114 Tex. 325, 268 S.W. 452, 453 (1925).[2]

Aland's last attempt to supplement his petition was filed four days before trial, and Aland was granted leave to supplement his petition in a pretrial hearing. Parties may supplement their pleadings at any time prior to trial with leave of court as long as the opposing party is not surprised or prejudiced. *See* TEX.R.CIV.P. 70; *see also* TEX.R.CIV.P. 248. Furthermore, the trial court has considerable discretion to grant or deny leave to file a supplemental petition, and, thereafter, is presumed correct and is subject to review only upon a showing of an abuse of discretion. *Satterfield v. Union Auto Supply, Inc.*, 424 S.W.2d 40, 45 (Tex.Civ.App.—Fort Worth 1968), *aff'd*, 448 S.W.2d 456, 457 (1969).

Minor's claim that the mistitled pleadings surprised him has no merit. *See* TEX.R. CIV.P. 71. Minor clearly had notice of Aland's DTPA claim. Aland's DTPA notice letter was sent on November 15, 1984. Subsequently, Aland filed his DTPA claim in his first supplemental petition. Thus, Minor had notice more than two years prior to trial that Aland intended to pursue his DTPA cause of action. Accordingly, we hold that the trial court did not abuse its discretion in allowing Aland to proceed with its DTPA cause of action.

### 2. Timely Notice

■ With respect to the claim that Minor did not receive proper notice of the DTPA cause of action, section 17.505 of the Texas Business and Commerce Code, reads as follows:

> As a prerequisite to filing a suit seeking damages under Subdivision (1) of Subsection (b) of Section 17.50 of this subchapter against any person, a consumer shall give written notice to the person at least 30 days before filing the suit advising the person of the consumer's *specific complaint and the amount of*

actual damages and expenses, including attorney's fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

TEX.BUS. & COM.CODE ANN. § 17.505(a) (Vernon 1988). Additionally, Texas Business and Commerce Code section 17.44 reads:

> This subchapter shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection.

TEX.BUS. & COM.CODE ANN. § 17.44 (Vernon 1988). Aland's DTPA cause of action was filed September 11, 1985, and ten months prior to the filing, Minor was notified that Aland would proceed under the DTPA. We hold that the 30–day notice requirement of section 17.505(a) and the underlying purposes of the DTPA under section 17.44 were met by Aland. Accordingly, we hold that Minor's argument, based upon Aland's failure to serve proper notice under section 17.505(a), fails to show surprise, and thus, the trial court did not err in granting Aland's pretrial motion on the day of trial allowing the filing of the DTPA cause of action.

### 3. Notice of Damages and Attorney's Fees

■ Minor also argues that Aland's DTPA notice letter failed to advise him of the amount of actual damages and attorney's fees Aland incurred. *See* TEX.BUS. & COM.CODE ANN. § 17.505(a) (Vernon 1988). Aland's notice letter reads in pertinent part:

> With regard to the above, you should be advised that Mr. Aland has out-of-pocket expenses of approximately $5,600.00 in rental cars, inconvenience, attorney's fees that are owed this firm that have been reasonably incurred by him and which Mr. Aland asserts against you.

---

**2.** We recognize the distinction between amended and supplemental pleadings appearing in Texas Rules of Civil Procedure 64, 65 and 69. We read *Glenn*, however, as permitting this distinction to be blurred in the manner followed by the trial court in the absence of a special exception by the complaining party pointing out the defect.

Under section 17.505(a), a legally sufficient DTPA notice letter must include the amount of the consumer's actual damages and expenses, including attorney's fees.[3] Aland's letter states that his actual damage and expenses, including attorney's fees, are $5,600.00. This letter follows the requirements of section 17.505(a). Minor argues that under *Sunshine Datsun, Inc. v. Ramsey,* 680 S.W.2d 652, 654 (Tex.App.—Amarillo 1984, no writ), Aland should have specifically stated the amount of attorney's fees in his DTPA notice letter. *Sunshine* differs from the case before us. In *Sunshine,* the consumer's DTPA notice letter did not state a dollar amount nor did it mention attorney's fees. *Sunshine,* 680 S.W.2d at 653. Aland's DTPA notice letter states both a dollar amount of $5,600.00 and that the amount includes his attorney's fees.

The purpose of the DTPA notice letter is to discourage litigation and encourage settlement of consumer complaints. *Silva v. Porowski,* 695 S.W.2d 766, 767 (Tex.App.—El Paso 1985, writ ref'd n.r.e.); *see Jim Walter Homes, Inc. v. Valencia,* 679 S.W.2d 29, 36 (Tex.App.—Corpus Christi 1984), *aff'd,* 690 S.W.2d 239 (1985); *North American Van Lines v. Bauerle,* 678 S.W.2d 229, 235 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); *Barnard v. Mecom,* 650 S.W.2d 123, 127 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). Aland's DTPA notice letter met this purpose.

■ Additionally, Minor complains that the trial court awarded $8,800.00 in attorney's fees, while Aland's DTPA letter asked for a lesser amount. Minor's complaint has no merit. *See Cail v. Service Motors, Inc.,* 660 S.W.2d 814, 815 (Tex. 1983). In *Cail,* the DTPA notice letter requested $250.00 in attorney's fees, and the jury awarded $2,445.00 in attorney's fees. The Supreme Court held that the recovery of the higher amount of attorney's fees was proper. Aland's DTPA notice letter asking for $5,600.00 was sent to Minor two years prior to trial, and it was foreseeable that additional attorney's fees would be incurred within that two-year period.

We hold that the DTPA notice letter properly included Aland's actual damages and attorney's fees and that Aland's DTPA notice letter was sufficient under section 17.505(a). Accordingly, Minor's first point of error is overruled.

## ATTORNEY'S FEES

■ Minor contends, in his second point of error, that the trial court erred in awarding Aland an unsubstantiated and unreasonable amount of attorney's fees. The issue of what constitutes reasonable attorney's fees is a question of fact, and the award by the trial court will not be disturbed absent an abuse of discretion. *Houston Lighting v. Russo Properties, Inc.,* 710 S.W.2d 711, 716 (Tex.App.—Houston [1st Dist.] 1986, no writ); *Giles v. Cardenas,* 697 S.W.2d 422, 429 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). Absent a statement of facts, we must presume that there is evidence to support the findings of fact and the trial court's judgment. *Mays v. Pierce,* 154 Tex. 487, 281 S.W.2d 79, 82 (1955). We overrule Minor's second point of error.

## NO EVIDENCE

In his third point of error, Minor asserts that there was no evidence to support the trial court's judgment. In the absence of a statement of facts, we will presume that sufficient evidence was introduced in the trial court to support its findings. *Collins v. Williamson Printing Corp.,* 746 S.W.2d 489, 491 (Tex.App.—Dallas 1988, no writ). Point of error three is overruled.

The judgment of the trial court is AFFIRMED.

---

3. *See generally* Cotham and O'Neill, *The Texas Deceptive Trade Practices Letter: A Potential Pitfall and Ally,* 23 *Houston Lawyer* 26 (Jan.–Feb. 1986).