**C.W. HASH, Jr., Appellant,**

v.

**Dutch HINES, Appellee.**

**No. 07–89–0285–CV.**

Court of Appeals of Texas, Amarillo.

Sept. 20, 1990.

Rehearing Overruled Oct. 16, 1990.

Jung & Brian, Tom J. Brian, Crosbyton, Ralph H. Brock, Lubbock, for appellant.

Rush S. Wells, P.C., William F. Warnick, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

REYNOLDS, Chief Justice.

C.W. Hash, Jr., appeals from an adverse judgment decreeing his monetary liability to Dutch Hines under the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA). Tex.Bus. & Com.Code Ann. § 17.41 *et seq.* (Vernon 1987; Vernon Supp. 1990). By two points of error, Hash, representing that Hines affirmatively plead and introduced uncontroverted evidence of his own failure to fulfill the notice requirement of the DTPA, contends the trial court erred (1) by rendering judgment for Hines or, alternatively, (2) by failing to abate the lawsuit for service of notice. On the ratio-nale expressed, we will reverse and remand.

In May of 1985, Hines, whose home had sustained interior water damage due to leaks in the roof, contracted with Hash for the construction of a new roof. After Hash completed the new roof, it leaked even more during subsequent rains. Hash responded to Hines' several telephoned complaints by effecting some minor repairs, but they were ineffective since the Hines residence sustained further interior water damage.

Hines filed suit predicated on section 17.50 of the DTPA, which authorizes an action by a consumer who suffers damages produced by a breach of an express or implied warranty, and sought damages measured by the provisions of section 17.50(b)(1), together with reasonable attorney's fees allowed by section 17.50(d). As a predicate to maintaining the action for damages, the version of the DTPA in effect at the time provided:

§ 17.50A. Notice: Offer of Settlement

(a) *As a prerequisite to filing a suit* seeking damages under Subdivision (1) of Subsection (b) of Section 17.50 of this subchapter against any person, *a consumer shall give written notice* to the person at least 30 days before filing the suit advising the person of the consumer's specific complaint and the amount of actual damages and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

Act of May 11, 1979, 66th Leg., R.S., ch. 603, § 17.50A, 1979 Tex.Gen. and Spec. Laws, 1330 (emphasis added). (The section was subsequently renumbered from § 17.50A to § 17.505 by Act of April 30, 1987, 70th Leg., R.S., ch. 167, § 5.02(4), 1987 Tex.Gen. and Spec.Laws, 1361, and later amended by Act of May 29, 1989, 71st Leg. R.S., ch. 380, § 3, 1989 Tex.Gen. and Spec.Laws 1491–92. *See* Tex.Bus. & Com. Code Ann. § 17.505(a) (Vernon 1987; Vernon Supp.1990).)

In his original petition filed on December 16, 1986, and in each amended petition

alleging DTPA violations, Hines pleaded that

notice was sent by certified mail return receipt requested and was returned unclaimed on October 11, 1986, copy of the returned envelope attached here to as Exhibit B. No response was received from Defendant.

Hash answered and, construing the failure of notice to be an issue in bar, raised it solely as an affirmative defense. Pleading that Hines take nothing by his action, Hash then cross-claimed, charging Hines with filing a bad faith suit and requesting costs and attorneys' fees.

At the trial on the merits, Hines presented testimony that notice was sent by certified mail, return receipt requested, to Hash at the address listed by his name in the telephone directory, and that such notice was returned unclaimed. The notice letter, dated September 24, 1986, and its envelope were admitted into evidence. The envelope bore post office notations indicating attempted delivery on a date that was illegible, and subsequent notices on September 26 and October 4, with return on October 11.

After Hines presented his evidence, Hash moved for an instructed verdict on the ground that Hines had presented no evidence of timely notice of his DTPA claim and, instead, had presented affirmative evidence of nondelivery of such notice. His motion was denied.

Hash then introduced his evidence, among which was his own testimony that he had never received any written notice from Hines concerning the roof. He maintained that at the time the post office was attempting delivery of the notice letter he was working in another town, leaving his house early and returning late, and had neither the opportunity to get to the post office during operating hours nor anyone to send to pick up the letter for him. He claimed to have no reason to suspect, and no knowledge, that the letter might be a demand concerning Hines' roof.

Before the charge was submitted to the jury, Hash requested submission of a jury question on the issue of notice, again moved for an instructed verdict on the ground previously urged, and objected to submission of any issues to the jury on the ground that Hines was not entitled to recovery under the DTPA because of his failure to give the prerequisite notice of claim. His request and motion were denied; his objection was overruled.

Upon submission, the jury found that Hash had engaged in false, misleading or deceptive trade acts or practices, had taken unconscionable action, and had breached an express or implied warranty; that each of these actions was done knowingly; and that actual damages sustained by Hines were $9,249.00 with an additional $3,850.00 in attorney's fees. Judgment was rendered decreeing that Hines recover treble damages, attorney's fees, and pre- and post-judgment interest for a total award of $35,822.67, plus post-judgment interest.

Hash develops his two points of error to point out that the notice provision is mandatory, *Sunshine Datsun, Inc. v. Ramsey*, 680 S.W.2d 652, 654 (Tex.App.—Amarillo 1984, no writ), and *delivery* of the required written notice is a prerequisite to recovery under section 17.50(b)(1) of the DTPA. *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex.1983). Hash then invites us to revisit our *Sunshine Datsun* holding that lack of the required notice does not call for the rendition of a take-nothing judgment, but calls for a reversal, remand and abatement of the action to afford an opportunity for notice. 680 S.W.2d at 654–55. Instead of that holding, he urges us to hold, consistent with decisions in areas of the law other than DTPA actions, that Hines' failure to give the mandatory notice bars him from recovering any damages under the statute. *See, e.g., City of Houston v. Torres*, 621 S.W.2d 588, 590, 592 (Tex. 1981) (failure to timely file the notice of claim required by a home rule city charter bars recovery). Alternatively, Hash submits that if we are unwilling to hold that the failure to give the statutory notice bars recovery of any damages, our decision in *Sunshine Datsun* requires that the judgment be reversed and the cause be remanded with instructions to abate the action to

allow Hines to give the statutory notice. 680 S.W.2d at 655.

To the contrary, Hines argues that the judgment should be affirmed because he established sufficient notice by the fact that his written notice properly addressed to Hash was returned with the notation "unclaimed." *Wright v. Wentzel,* 749 S.W.2d 228, 232 (Tex.App.—Houston [1st Dist.] 1988, no writ) (holding that a letter, mailed to the address provided by a litigant to inform her of the rescheduled hearing on a motion to modify conservatorship, but returned "unclaimed" was sufficient notice). Beyond that, Hines further argues, Hash was on notice from the time the action was filed until the cause was tried on April 10, 1989, which was sufficient to meet the notice provision. Alternatively, Hines asserts that if we find that notice was not given within the meaning of section 17.50A, then our decision in *Sunshine Datsun* adequately addresses and answers Hash's points of error, and the judgment should be reversed and the cause remanded with instructions for abating the action to allow the giving of the statutory notice.

We have observed the lack of uniformity in the authorities cited by the parties in support of their respective positions concerning the notice requirement for the DTPA action; indeed, some of the authorities are in conflict with the others. *See, e.g., HOW Ins. v. Patriot Financial Services,* 786 S.W.2d 533, 538 (Tex.App.—Austin 1990, no writ). Yet, we do not pause to further address those authorities, for, on balance, we remain committed to enforcing the underlying purposes of the DTPA announced in its section 17.44. *Sunshine Datsun, Inc. v. Ramsey,* 680 S.W.2d at 655.

■ The statutory notice requirement is designed to afford the opportunity for pre-suit negotiations and settlement in avoidance of lengthy and costly litigation. *Id.* The requirement mandates a written notice before suit is filed, and actual or oral notice is not a substitute. The *Moving Co. v. Whitten,* 717 S.W.2d 117, 123 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Thus, the requirement's purpose can be fulfilled only if there is delivery of written notice of the claim to the potential defendant. *Cail v. Service Motors, Inc.,* 660 S.W.2d at 815.

■ There was, of course, no actual delivery of the written notice sent by certified mail to Hash and, after it was returned unclaimed, no effort was made to effect delivery of the notice by other means readily available. Given these circumstances, we cannot hold as a matter of law that Hash was delivered notice within the meaning of section 17.50A. *Cf. Sudduth v. Commonwealth County Mutual Ins. Co.,* 454 S.W.2d 196, 197–98 (Tex.1970) (evidence from interested parties that notice was mailed but not received merely creates a fact issue whether the notice was mailed).

■ It follows that under the rationale of *Sunshine Datsun, Inc. v. Ramsey,* 680 S.W.2d at 655, the judgment should be reversed and the cause should be remanded with instructions for abating the action to afford the opportunity to give notice as a prerequisite to maintaining the action. *Accord, Cielo Dorado Dev. v. Certainteed Corp.,* 744 S.W.2d 10, 11–12 (Tex.1988) (Gonzalez, J., dissenting). In this regard, we have not overlooked Hash's contention, which he asserted in urging the failure of Hines to give notice should bar his DTPA action, that this disposition of the appeal permits Hines to deliberately frustrate the purpose of the pre-suit notice requirement without penalty. However, by this disposition, Hines is penalized by the reversal and remand, and Hash is accorded his statutory right, granted in the present section 17.505, to offer settlement and attempt to limit Hines' recovery of actual damages.

Accordingly, the judgment is reversed and the cause is remanded. On remand, the trial court shall abate the action for not more than 60 days during which, as a condition to litigating his claim for damages and attorney's fees, Dutch Hines may give the statutory notice required by the present section 17.505 of the DTPA.

Costs occasioned by this appeal are taxed to Dutch Hines.