Dutch HINES, Petitioner,

v.

C.W. HASH, Jr., Respondent.

No. D–0571.

Supreme Court of Texas.

Dec. 9, 1992.

Rehearing Overruled Jan. 27, 1993.

Rush S. Wells, William F. Warnick, Lubbock, for petitioner.

Tom J. Brian, Crosbyton, Ralph H. Brock, Lubbock, for respondent.

## OPINION

HECHT, Justice.

The Texas Deceptive Trade Practices—Consumer Protection Act provides that "[a]s a prerequisite to filing a suit seeking damages" under the Act, "a consumer shall give written notice" to the defendant of his complaint. TEX.BUS. & COM.CODE § 17.-505(a). We granted writ of error in this case to consider the proper application of this provision.

Dutch Hines sued C.W. Hash, Jr. for damages under the DTPA, complaining that the roof Hash had installed on his home leaked. In his original petition Hines alleged that notice of his claim had been sent to Hash by certified mail, return receipt requested, and had been returned un-claimed. In his original answer, Hash asserted as an affirmative defense that he had never received any notice of Hines' complaint until he was served with suit papers, and therefore had not been able to tender Hines a settlement offer. However, Hash never requested the trial court to abate the suit so that he could make such an offer, nor does it appear that he was prevented from making a settlement offer even without the abatement. The evidence at trial concerning notice was undisputed. The notice letter to Hash and the envelope in which it was sent were admitted into evidence, showing three unsuccessful attempts at delivery before it was returned to Hines. Hash did not dispute that the envelope was accurately addressed to him. In fact, he testified he knew at the time that he had a certified letter at the post office but did not pick it up because he was leaving town each morning before the post office opened to work in another city and was not returning home until after the post office closed. He also testified that it was not convenient for him to arrange to have someone else pick up the letter. Hines did not challenge Hash's explanation for not having received the letter. Hash moved for an instructed verdict after Hines rested and again at the close of all the evidence, urging lack of notice as a complete bar to Hines' claim. The trial court denied Hash's motions and refused Hash's requested jury question on the issue of notice. The jury found that Hash knowingly violated the DTPA in several particulars and assessed Hines' actual damages at $9,249.00. The trial court rendered judgment on the verdict for a total of $35,822.67, which included actual damages, twice that sum in statutory damages, prejudgment interest of $4,225.67, and attorney fees of $3,850.00.

The court of appeals, noting a lack of uniformity in the cases applying the notice requirement in the DTPA, held that the DTPA mandates actual delivery of notice. 796 S.W.2d 312. The court reasoned that the purpose of the notice requirement, "to afford the opportunity for presuit negotiations and settlement in avoidance of lengthy and costly litigation", could be preserved only if notice is actually received by

the defendant, either by certified mail as prescribed in the statute, or "by other means readily available." *Id.* at 315. The court also cited our decision in *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex.1983), where we stated that "[a] prerequisite to recovery [of damages under the DTPA] is delivery of written notice...." The court concluded that Hines' failure to deliver notice to Hash was reversible error, and that the case should be remanded for a new trial with instructions to the trial court to abate proceedings for not more than 60 days to allow Hines to comply with the notice requirement. 796 S.W.2d at 315. To Hash's argument that this result allowed Hines to disregard the statutory notice requirement without penalty, the court answered that a new trial was penalty enough. *Id.*

Hines argues that the notice required by the DTPA is given when it is mailed to the defendant at the correct address, regardless of whether it is actually received. Thus, Hines contends that he fully complied with the DTPA. He also argues that even if actual delivery is required, his failure to give notice should not result in reversal of the trial court's judgment and remand for proper notice and a new trial. We find it necessary to address only the latter argument. Before we do, we examine the history of the statutory provision and the cases applying it.

There was no notice provision in the DTPA as originally enacted in 1973. Deceptive Trade Practices—Consumer Protection Act (approved May 21, 1973), 63rd Leg., R.S., ch. 143, § 1, 1973 Tex.Gen.Laws 322. It was added in 1977 by the following provision:

§ 17.50A.  Damages: Defenses

In an action brought under Section 17.50 of this subchapter, actual damages only and attorney's fees reasonable in relation to the amount of work expended and court costs may be awarded where the defendant:

.    .    .    .    .

(2) proves that he had no written notice of the consumer's complaint before suit was filed, or that within 30 days

after he was given written notice he tendered to the consumer (a) the cash value of the consideration received from the consumer or the cash value of the benefit promised, whichever is greater, and (b) the expenses, including attorney's fees, if any, reasonably incurred by the consumer in asserting his claim against the defendant....

Act approved May 23, 1977, 65th Leg., R.S., ch. 216, § 6, 1977 Tex.Gen.Laws 600, 604.

The 1977 version of the statute placed the burden on defendant to plead and prove lack of notice. If defendant met this burden, the statute expressly provided that plaintiff could recover only actual damages and not additional statutory damages. *See Wolfe Masonry, Inc. v. Stewart*, 664 S.W.2d 102, 103–104 (Tex.App.—Corpus Christi 1983, no writ); *Lubbock Mort. & Inv. Co. v. Thomas*, 626 S.W.2d 611, 614 (Tex.App.—El Paso 1981, no writ); *Jim Walter Homes, Inc. v. Geffert*, 614 S.W.2d 843, 845 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). One court suggested that if plaintiff did not give notice as required before filing suit, he could nonsuit, give notice, and then refile the identical suit. *See Chrysler Corp. v. McMorries*, 657 S.W.2d 858, 867–868 (Tex.App.—Amarillo 1983, no writ). Two others held that defendant's failure to plead and prove that he did not receive notice waived any defense. *Bolton v. Alvarado*, 762 S.W.2d 215, 216–217 (Tex.App.—Houston [1st Dist.] 1988, writ denied) (trial court did not err in overruling defendants' objection to the submission of DTPA issues to the jury because defendants neither pleaded nor proved lack of notice); *Chrysler–Plymouth City, Inc. v. Guerrero*, 620 S.W.2d 700, 706 (Tex.Civ.App.—San Antonio 1981, no writ).

In 1979, the statutory provision was amended as follows:

§ 17.50A  Notice: Offer of Settlement

(a) As a prerequisite to filing a suit seeking damages under Subdivision (1) of Subsection (b) of Section 17.50 of this subchapter against any person, a consumer shall give written notice to the person at least 30 days before filing the

suit advising the person of the consumer's specific complaint and the amount of actual damages and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

Act approved June 13, 1979, 66th Leg., R.S., ch. 603, § 5, 1979 Tex.Gen.Laws 1327, 1330. This provision was in effect when the events of this case occurred and suit was filed, and it therefore governs this case. *See Winkle Chevy–Olds–Pontiac, Inc. v. Condon*, 830 S.W.2d 740, 745 n. 4 (Tex.App.—Corpus Christi 1992, writ dism'd); *Schenck v. Ebby Halliday Real Estate, Inc.*, 803 S.W.2d 361, 373 (Tex. App.—Fort Worth 1990, no writ); *see also Wolfe*, 664 S.W.2d at 103–104.[1]

Within 30 days of receiving the required notice, a person may tender a written offer to settle, and if the consumer rejects the offer and does not recover substantially different damages at trial, recovery is limited to the amount of the offer. TEX.BUS. & COM.CODE § 17.505(b)–(e). A person may also within the same period tender payment of the actual damages and expenses claimed, and then may assert that tender in complete defense to an action for damages under the DTPA. *Id.* § 17.506(d).

Unlike the 1977 provision, the 1979 version places the burden on plaintiff to plead that he gave notice. *See Angelo Broadcasting, Inc. v. Satellite Music Network, Inc.*, 836 S.W.2d 726, 736 (Tex.App.—Dallas 1992); *Automobile Ins. Co. v. Davila*, 805 S.W.2d 897, 902 (Tex.App.—Corpus Christi 1991, writ denied); *HOW Ins. Co. v. Patriot Fin. Serv.*, 786 S.W.2d 533, 537 (Tex.App.—Austin 1990, writ denied); *U.S. Steel Corp. v. Fiberex, Inc.*, 751 S.W.2d 628, 638 (Tex.App.—Dallas 1988), *modified and aff'd in part, rev'd in part on other grounds, and remanded sub nom. Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442 (Tex.1989); *Blumenthal v. Ameritex Computer Corp.*, 646 S.W.2d 283, 286–87 (Tex.App.—Dallas 1983, no writ). However, defendant must raise a timely objection to plaintiff's failure to plead. *See Star–Tel v. Nacogdoches Telecommunications Inc.*, 755 S.W.2d 146, 149 (Tex.App.—Houston [1st Dist.] 1988, no writ) (special exception filed during trial but before the charge to the jury was not timely). If a defendant specifically denies receiving notice, plaintiff must prove either that he provided it, *see Winkle*, 830 S.W.2d at 745; *Davila*, 805 S.W.2d at 902; or that he was excused from providing it, for example, by section 17.505(b),[2] *see Winkle*, 830 S.W.2d at 745. If a defendant does not specifically deny receiving notice, then plaintiff is excused from proof by Rule 54, TEX.R.CIV.P. *See Investors, Inc. v. Hadley*, 738 S.W.2d 737, 741–742 (Tex.App.—Austin 1987, writ denied). Defendant must object to plaintiff's failure to meet his burden of proof in order to preserve error. *See Angelo*, 836 S.W.2d at 736; *HOW*, 786 S.W.2d at 537; *Silva v. Porowski*, 695 S.W.2d 766, 768 (Tex.App.—El Paso 1985, writ ref'd n.r.e.).

■ The notice requirement of the DTPA is clearly mandatory, but that feature alone does not determine the consequences for failure to comply with it. The Legislature may prescribe the consequences for failure to comply with statutory requirements, as it did in 1977 by providing that a failure to give notice limited plaintiff to recovery of actual damages, attorney fees and court costs. Hines argues that it has also done so in the 1979 provision by making notice "a prerequisite to filing a suit". Hines cites three cases in support of his argument. *Cail*, 660 S.W.2d

---

1. The statute has since been amended further, but the differences between the 1979 version and the current notice provision are not significant to our analysis. One change was in 1987, when section 17.50A was renumbered section 17.505. Act approved May 25, 1987, 70th Leg., R.S., ch. 167, § 5.02(4), 1987 Tex.Gen. & Spec. Laws 1338, 1361. The only other changes were in 1989, when the provision was amended to increase the notice required from 30 days to 60 days, and to add after the words, "advising the person", the words, "in reasonable detail". Act approved June 14, 1989, 71st Leg., R.S., ch. 380, § 3(a), 1989 Tex.Gen.Laws 1490, 1491–92.

2. Notice is excused if it "is rendered impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations or if the consumer's claims is asserted by way of counterclaim". TEX.BUS. & COM.CODE § 17.505(b).

at 815 ("A prerequisite to recovery [of damages under the DTPA] is delivery[3] of written notice"); *Investors,* 738 S.W.2d at 741 n. 1 ("Now, notice is a prerequisite to *any* damage action."); *Lubbock,* 626 S.W.2d at 614 ("notice is now a prerequisite to filing suit"). All three cases merely recite the statutory language. The issue is not whether notice is a prerequisite to a DTPA action for damages—clearly, it is—but what the effect of lack of notice is. As we read the 1979 provision, it does not specify the consequences for noncompliance.

When the statute is silent, we have looked to its purpose for guidance. Thus, in *State v. $435,000,* 842 S.W.2d 642 (Tex. 1992) (per curiam), we recently held that the statutory requirement that a hearing be set within 30 days of the filing of an action for forfeiture of property used in drug trafficking was mandatory, but that the failure to comply does not necessitate dismissal of the action. In a case more directly related to the one before us, we held that the notice of a health care liability claim required by the Medical Liability and Insurance Improvement Act, Tex.Rev.Civ. Stat. art. 4590i, § 4.01 (Vernon Supp.1992), is mandatory, but that the failure to give notice does not require dismissal of the action. *Schepps v. Presbyterian Hosp.,* 652 S.W.2d 934, 938 (Tex.1983). We concluded that the purpose of the notice requirement, to encourage pre-suit negotiations so as to avoid the expense of litiga-

tion, is better served by abating an action filed without notice for the duration of the statutory notice period to allow the parties to negotiate, than by dismissing the action altogether. *Id.; accord, Hutchinson v. Wood,* 657 S.W.2d 782 (Tex.1983).

Three courts have concluded that if notice is not given under the DTPA, plaintiff is limited to recovering actual damages and cannot obtain additional damages allowed by the Act. *Hollingsworth Roofing Co. v. Morrison,* 668 S.W.2d 872, 875 (Tex.App.— Fort Worth 1984, no writ) (citing *Schepps* and *Hutchison*); *Blumenthal,* 646 S.W.2d at 286–287); *Boyd Int'l, Ltd. v. Honeywell, Inc.,* 837 F.2d 1312, 1316 (5th Cir.1988). Although this was the result expressly prescribed by the 1977 notice provision, it was removed from the 1979 version. We presume the Legislature intended by its 1979 amendment that the failure to give notice should no longer result in a limitation of damages. Since the provision is now silent on the effect of noncompliance, we must consider the purpose of the statute as we would in other cases.[4]

■ The purpose of the DTPA notice provision is the same as that of the Medical Liability and Insurance Improvement Act: "to discourage litigation and encourage settlements of consumer complaints." *Jim Walter Homes, Inc. v. Valencia,* 690 S.W.2d 239, 242 (Tex.1985). When a plain-

---

**3.** This language is dicta in *Cail* because it was undisputed there that plaintiff gave notice and defendant received it; the issue was the sufficiency of the defendant's settlement offer in response. As noted above, we do not decide whether the DTPA requires actual delivery of notice or merely sending.

**4.** Many other statutes require notice before actions or claims can be filed. *E.g.,* Tex.Rev.Civ. Stat.Ann. art. 1524(h) (Vernon 1980) (appeal to district court by low income housing corporations); *id.* art. 5221k, § 6.01 (Vernon 1987) (suits for violations of the Commission on Human Rights Act); *id.* art. 8308–5.01 (Vernon Supp.1992) (claims under the Workers' Compensation Act); Tex.Civ.Prac. & Rem.Code § 30.004 (suits involving the state, state agencies or parties represented by the Attorney General); *id.* § 38.002 (claims for attorney fees); *id.* § 101.-101 (suits against governmental units under the Tort Claims Act); Tex.Fam.Code § 36.07 (suits for

violation of possessory interests in children); Tex.Ins.Code art. 21.21, § 16(e) (suits for statutory violations); Tex.Loc.Gov't Code § 54.017 (enforcement of health and safety ordinances); *id.* § 81.041 (suits against counties); Tex.Prop.Code § 24.005 (eviction suits); *id.* § 27.004 (suits against contractors for construction defects); *id.* § 53.056 (mechanic's liens); Tex.Tax Code § 321.309 (suits by municipalities for delinquent taxes). The purposes of these various notice requirements vary, as do the consequences for noncompliance. Hash contends that *Weirich v. Weirich,* 833 S.W.2d 942 (Tex. 1992), holds that a cause of action under Tex. Fam.Code § 36.07(a) is not allowed if the notice required by that provision is not given. *Weirich* did not specifically address this issue, although it did disallow recovery because of the lack of notice. In any event, we express no opinion whether the purpose of that provision would warrant a different consequence for noncompliance than failure to give notice under the DTPA.

tiff fails to comply with the requirement, abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal. While the action is abated, the parties may discuss their positions as they would have done during the period for pre-suit notice. Hash argues that this result allows a plaintiff to ignore the notice requirement with virtual impunity, the only penalty being a slight delay in the litigation. But the consequence of noncompliance is not necessarily punishment. It may be limited, as we think it is here, to enforcement of the purpose of notice. The initiation of litigation without notice may have effects other than denying the parties a pre-suit opportunity to negotiate. It may polarize the parties and prejudice their discussions. It may also result in expense to the defendant in filing an answer, requesting abatement, and otherwise responding to the litigation. If such effects actually occur, the trial court is empowered to remedy them by appropriate sanctions under Rule 13, TEX. R.CIV.P. But it is not necessary to the purpose of notice in these circumstances to dismiss plaintiff's action if notice is not given. *See The Moving Co. v. Whitten,* 717 S.W.2d 117, 123 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Pool Co. v. Salt Grass Exploration, Inc.,* 681 S.W.2d 216, 219 (Tex.App.—Houston [1st Dist.] 1984, no writ); *Sunshine Datsun, Inc. v. Ramsey,* 680 S.W.2d 652, 654–55 (Tex.App.—Amarillo 1984, no writ).

We therefore conclude that if a plaintiff files an action for damages under the DTPA without first giving the required notice, and a defendant timely requests an abatement, the trial court must abate the proceedings for 60 days. TEX.BUS. & COM. CODE art. 17.505(a); *see Star–Tel,* 755 S.W.2d at 149; *Whitten,* 717 S.W.2d at 123–24; *Sunshine Datsun,* 680 S.W.2d at 654–55; *Hollingsworth,* 668 S.W.2d at 875. To be timely, the request for an abatement must be made while the purpose of notice—settlement and avoidance of litigation expense—remains viable. Thus, defendant must request an abatement with the filing of an answer or very soon thereafter. If the trial court determines that plaintiff has

failed to give notice as required by the statute, the action must be abated. Defendant is entitled, but not obliged, to seek review of a denial of abatement by mandamus. *See $435,000,* 842 S.W.2d at 645. Defendant may wait until appeal from the final judgment to seek review of a denial of abatement, but the trial court's error must be shown to have been harmful to obtain reversal. TEX.R.APP.P. 81(b)(1). Ordinarily, this would require a showing that defendant was unable to limit his damages under the statute by tendering a settlement offer.

During the abatement the notice required by statute must be given, "advising the person in reasonable detail of the consumer's specific complaint and the amount of actual damages and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant." TEX.BUS. & COM. CODE § 17.505(a). Other notice, such as actual or oral notice, is insufficient because it does not comply with the statutory insistence upon reasonably certain specificity. *See HOW,* 786 S.W.2d at 537; *Whitten,* 717 S.W.2d at 123. Because defendant's response to notice may limit or preclude damages, it is necessary for notice to have some formality to it. If a plaintiff fails to give notice while the action is abated for that purpose, it should be dismissed. *See Miller v. Kossey,* 802 S.W.2d 873, 876–77 (Tex.App.—Amarillo 1991, writ denied) (no notice for more than six months after abatement granted until date set for trial). A defendant who fails to make a timely request for abatement must be considered to have waived his objection to the lack of notice. *See Miller v. Presswood,* 743 S.W.2d 275, 281 (Tex.App.—Beaumont 1987, writ denied); *Pool Co.,* 681 S.W.2d at 219.

In this case, Hash waived notice under the DTPA by failing to request abatement. Therefore, the court of appeals erred in holding that the trial court committed reversible error and that the case must be remanded to allow plaintiff to give notice. Other courts of appeals have reached similar results, and to that extent we disapprove those decisions. *Angelo,* 836 S.W.2d

at 736–37; *Davila,* 805 S.W.2d at 902; *HOW,* 786 S.W.2d at 537; *Certainteed Corp. v. Cielo Dorado Dev., Inc.,* 733 S.W.2d 247, 249 (Tex.App.—El Paso 1987), *rev'd on other grounds,* 744 S.W.2d 10 (Tex.1988); *Whitten,* 717 S.W.2d at 123–24; *Sunshine Datsun,* 680 S.W.2d at 655.

Accordingly, the judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.

Per Curiam concurring opinion.

Concurring opinion by DOGGETT, J., joined by MAUZY, J.

Concurring opinion by GAMMAGE, J.

PER CURIAM concurring.

For the reasons expressed in our per curiam concurring opinions in *Delaney v. University of Houston,* 835 S.W.2d 56, 64 (Tex.1992), and *Greathouse v. Charter National Bank–Southwest,* 35 Tex.S.Ct.J. 1017, 1021, 1992 WL 379408 (July 1, 1992, motion for rehearing pending), we disagree with the conclusions of the concurring justices regarding the timeliness of our disposition of this matter.

DOGGETT, Justice, concurring.

Unfortunately today's decision—limited to a single legal question, based on facts stipulated by the parties, and unanimous in result—is not timely, issued more than thirteen months after oral argument was heard in 1991. Every case deserves our prompt and careful attention whether the party seeking review in this court is a homeowner like Dutch Hines, a rape victim like Andrea Delaney,[1] or a business, large or small.[2]

For the reasons I have previously expressed, I concur in the judgment but not the manner in which it has been disposed. *See Delaney v. University of Houston,* 835 S.W.2d 56, 61 (Tex.1992) (Doggett, J., concurring); *Greathouse v. Charter National*

*Bank Southwest,* 35 Tex.Sup.Ct.J. 1017, 1020 (July 1, 1992, motion for rehearing pending) (Doggett, J., concurring); *Schick v. Wm. H. McGee & Co.,* 843 S.W.2d 473 (Tex.1992) (Doggett, J., concurring opinion on order granting motion to dismiss). That some of my colleagues consider "our disposition of this matter" to have been timely accomplished, 843 S.W.2d at 473 (per curiam concurring opinion), only indicates that Texans can expect more delays from a justice system that is not functioning in a proper manner.

MAUZY, J., joins in this concurring opinion.

GAMMAGE, Justice, concurring.

I concur in the opinion and judgment of the court. I do not join in either of the other concurrences accompanying this opinion, nor will I join in any such unfortunate, unnecessary and contentious writings in the future.