In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00030-CV


______________________________




ROBERT M. MOORE, Appellant



V.



DIANA SIEBER, Appellee




 


On Appeal from the County Court at Law No. 2


 Gregg County, Texas


Trial Court No. 2006-0095-C




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 The final decree of divorce between Diana Sieber and Robert M. Moore provided that Moore
was to receive the former marital residence in exchange for an obligation to pay Sieber $35,000.00
with interest, in monthly payments over a five-year period. Moore's obligation was secured by a
deed of trust, and an owelty lien, on the property. Later, when Moore failed to pay some
installments, Sieber foreclosed on the property and purchased the property at that foreclosure sale. 
After the foreclosure, when Moore failed to vacate the property, Sieber filed a forcible detainer
action against Moore in justice court. From a judgment issued by the justice court, Moore appealed
to the county court at law, which conducted a trial de novo and granted judgment for Sieber. 

 Moore now appeals that judgment, alleging (1) Sieber's pleadings were insufficient as a
matter of law and (2) the deed of trust is insufficient to support foreclosure on a homestead. Because
Moore has failed to preserve error, if any, on either of these issues, we affirm the judgment of the
trial court.

 Moore argues, in his first point of error, that the pleadings are insufficient to give him fair
notice. The Texas Rules of Civil Procedure require the complaint filed in a forcible detainer action
to "state the facts which entitled the complainant to the possession and authorize the action." Tex.
R. Civ. P. 741. The complaint filed by Sieber, who was not represented by counsel at the time, (1)
appears to use a form on which Sieber merely filled in the blanks. The complaint alleges, for
example, that Moore was "a tenant who leases" certain property, that Moore "rented this property
on or about foreclosure," and that "the landlord claims the tenant should be evicted because:
foreclosure, request of possession." Moore argues that, because the complaint failed to properly and
clearly state the facts, it did not properly appraise Moore of the basis of the claim.

 The sufficiency of the pleadings is judged based on whether they provide the opponent with
fair and adequate notice. Roark v. Allen, 633 S.W.2d 804, 809-10 (Tex. 1982); Burke v. Union Pac.
Res. Co., 138 S.W.3d 46, 66-67 (Tex. App.--Texarkana 2004, pet. denied). "Fair notice" requires
that "an opposing attorney of reasonable competence" can ascertain the nature and basic issues of
the controversy. Burke, 138 S.W.3d at 67. The record, though, does not contain any special
exception to Sieber's pleadings. In the absence of a special exception, Moore has waived any
pleading defect. See Tex. R. Civ. P. 90. Further, even if the pleadings were insufficient, the issue
of Sieber's right of possession was tried by consent. See Tex. R. Civ. P. 67; Reed v. Wright, 155
S.W.3d 666, 670 (Tex. App.--Texarkana 2005, pet. denied). We overrule Moore's first point of
error.

 In his second point of error, Moore contends, because the blank for the date of the divorce
decree was not completed, the deed of trust is insufficient as a matter of law to provide the basis of
a foreclosure of a homestead. In addition, Moore argues the trial court's judgment was improper
because he continued to reside in the home as his homestead and there was no evidence he received
actual notice of acceleration. (2) According to Moore, Sieber should have filed suit in district court
to adjudicate title to the residence, rather than bring a forcible detainer action.

 Moore has not directed us to any location in the record which shows he argued any of these
issues to the trial court. To preserve any complaint for appellate review, the record must show the
complaint was timely presented to the trial court. Tex. R. App. P. 33.1(a). Further, the objection
or complaint made at trial must be the same as that urged on appeal in order to preserve error for
review. Holmes v. Concord Homes, Ltd., 115 S.W.3d 310, 316 (Tex. App.--Texarkana 2003, no
pet.). At trial, Moore admitted that he had executed a deed of trust and that Sieber received a
trustee's deed conveying her the property. Our own review of the record has not discovered any
instance where Moore argued the deed of trust was insufficient as a matter of law, asserted the
residence was protected as his homestead, raised any issue concerning acceleration, or argued this
cause could not be brought as a forcible detainer action. To preserve the right to complain on appeal
about the admission of testimony, Moore was required to raise the issue at the trial court level, with
sufficient clarity to allow the trial court to understand the precise nature of his complaint. 
Kerr-McGee Corp. v. Helton, 133 S.W.3d 245 (Tex. 2004); see Tex. R. App. P. 33.1(a). Moore
failed to preserve error for our review on these issues.

 Because Moore failed to preserve any issue for our review, we affirm the judgment of the
trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 21, 2006

Date Decided: November 14, 2006
1. The law is well settled that "[a] party proceeding pro se must comply with all applicable
procedural rules," and is held to the same standards as a licensed attorney. Weaver v. E-Z Mart
Stores Inc., 942 S.W.2d 167, 169 (Tex. App.--Texarkana 1997, no pet.).
2. We note that Moore also alleges the letter giving Moore notice to vacate the residence was
insufficient. This argument is, in essence, a challenge to the sufficiency of the evidence supporting
the trial court's finding that the notice to vacate letter was served on Moore by both regular and
certified mail. Moore bases his argument on the discrepancy between the certified mail number on
the letter, which ends in 2326, and the certified mail number on the receipt, which ends in 2364. 
Patricia H. Florence, Sieber's attorney for the foreclosure proceedings, testified discrepancy between
the numbers was merely the result of a clerical mistake. Florence testified that notice to vacate was
sent to Moore by both certified and regular mail. Moore admitted at trial that he received the notice. 
The evidence is sufficient. See Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex.
1998); see also City of Keller v. Wilson, 168 S.W.3d 802, 810 (Tex. 2005).