In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00103-CV


______________________________




 MOTHER EARTH COMMERCIAL SERVICES, INC., D/B/A


MOTHER EARTH POOLS AND SPAS, Appellant



V.



DON KERST AND TERESA KERST, INDIVIDUALS, Appellees




 


On Appeal from the County Court at Law


Bowie County, Texas


Trial Court No. 05C0533-CCL




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Don and Teresa Kerst obtained a judgment against Mother Earth Commercial Services, Inc.,
doing business as Mother Earth Pools and Spas (hereafter Mother Earth), on a jury verdict of
$18,344.01, including economic damages, prejudgment interest, Deceptive Trade Practices Act
(DTPA) damages, and attorney's fees, plus post-judgment interest. See Tex. Bus. & Com. Code
Ann. §§ 17.46, 17.50 (Vernon Supp. 2006) (for DTPA cause of action).

 Mother Earth raises two points of error on appeal: (1) that no evidence supported the court's
submission of, and judgment on, the two jury questions regarding pricing; (1) and (2) that the court
erred in not abating the cause once the evidence raised issues not asserted in the Kersts' DTPA
notice. See Tex. Bus. & Com. Code Ann. § 17.505 (Vernon 2002). For the reasons stated below,
we affirm.




I. Jury Questions

 Mother Earth contends the court erred in submitting two questions--Question 2 and Question
7(2) (2)--to the jury since no evidence supported the questions. 

 A. Preservation of Error

 To preserve a complaint for our review, a party must have presented to the trial court a timely
request, objection, or motion that states the specific grounds for the desired ruling. See Tex. R. App.
P.  33.1(a);  State  Dep't  of  Highways  &  Pub.  Transp.  v.  Payne,  838  S.W.2d  235,  241  (Tex.
1992) (op. on reh'g). If a party fails to do this, error is not preserved, and the complaint is waived. 
See Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). 

 Mother Earth preserved jury charge error regarding Question 2. But Mother Earth's trial
objection to Question 7, in its entirety, was:

 Then defendant further objects to Question number 7 in that there's no evidence of
mental anguish sustained by the plaintiffs, Don and Teresa Kerst, and as such the
submission of this issue to the jury is without evidence to support same.

This trial objection concerned Questions 7(4) and 7(5)--damages on mental anguish. No trial
objection was lodged regarding damages under 7(2) or 7(3). Understandably, the trial court
construed the objection as one pertaining to the recovery of mental anguish and ruled accordingly. (3) 
An objection at trial which is not the same as that urged on appeal presents nothing for review. 
Holmes v. Concord Homes, Ltd., 115 S.W.3d 310, 316 (Tex. App.--Texarkana 2003, no pet.);
Haryanto  v.  Saeed,  860  S.W.2d  913,  921  (Tex.  App.--Houston  [14th  Dist.]  1993,  writ
denied) (en banc). Complaints and argument on appeal must correspond with the complaint made
at the trial court level. Century 21 Real Estate Corp. v. Hometown Real Estate Co., 890 S.W.2d 118,
124 (Tex. App.--Texarkana 1994, writ denied). For failure to preserve the error, Mother Earth's
complaint regarding Question 7(2) (including any complaint regarding Question 7(3)) is overruled. 

 B. Standard of Review

 A court must submit questions, instructions, and definitions that the pleadings and evidence
raise. Tex. R. Civ. P. 278; Elbaor v. Smith, 845 S.W.2d 240, 243 (Tex. 1992). A trial court may
refuse to submit a question only if no evidence exists to warrant its submission. Elbaor, 845 S.W.2d
at 243. If there is some evidence to support a jury question and the court does not submit it, the court
commits reversible error. Id. In determining whether a trial court should have submitted a question
to the jury, the reviewing court must examine the record for evidence supporting submission and
ignore all evidence to the contrary. Id. Conflicting evidence presents a fact question for the jury. 
Id.

 C. Analysis--Evidence Supporting Question 2

 Mother Earth, in August 2004, gave the Kersts the first, written, estimate for $25,000.00 for
a "Lagoon flipped 18 x 37 . . . Serenity garden falls Aspen waterfall" pool. About five days later,
the Kersts put down a payment to secure a spot on the installation calendar, while they continued to
finalize the plans for the design. Later in August 2004, the Kersts made some changes or additions
to the initial design, and Mother Earth gave a second, oral, estimate. Don Kerst testified that he
understood, as of the second estimate in August 2004, that the price was "$26,500 for a completed
turnkey project," that is, "the whole project done. I don't have to do anything to it except swim." 

 Teresa Kerst then saw a television advertisement for ten percent off a pool at Mother Earth
in September and told Mother Earth she would wait until the sale to sign the contract. The parties
then signed a contract September 3, 2004, for $26,531.53. The remarks section of the contract
indicates the cost was determined as "$29,479.48 less 10% = 26,531.53." Teresa testified that, only
after signing the contract, Mother Earth presented her with a third, written, estimate dated September
1, 2004, for $29,479.48. 

 The Kersts' position is that Mother Earth raised the price of the pool to recoup the advertised
"discount." Teresa testified that she made no further changes to the design of the pool from the last
time she spoke with Mother Earth in August until the contract was signed. Mother Earth asserts that,
between the second estimate and the final contract, the Kersts added several options. (4)

 Mother Earth asserts that the court may not look past the contract in assessing price deception
under the DTPA, citing general contract and parol evidence principles. But the Kersts do not dispute
the terms or interpretation of the contract. Cf. Froemming v. Perez, No. 04-05-00514-CV, 2006 WL
704479, at *3 (Tex. App.--San Antonio Mar. 22, 2006, no pet.). But cf. Enterprise-Laredo Assocs.
v. Hachar's, Inc., 839 S.W.2d 822, 828 (Tex. App.--San Antonio 1992, writ denied). While a "mere
breach of contract allegation, without more," is not a violation of the DTPA, "a breach which
involves 'something more' in the way of a misrepresentation or fraud" may invoke the DTPA. 
Enterprise-Laredo Assocs., 839 S.W.2d at 828. "The subsection of the DTPA concerning pricing
violations was developed mainly to prevent price advertising abuse" including the words such as 

 discount, sale, special, or similar words which impliedly compare the selling price
to a regular or prevailing price or which suggest that real savings are being offered 
. . . if there is no regular or prevailing price or if the reduced price is only nominally
lower than the regular or prevailing price.


Id. at 829 n.6 (quoting David F. Bragg, Phillip K. Maxwell & Joe K. Longley, Texas Consumer
Litigation § 3.05.011 (2nd ed. 1983)).

 The record indicates the Kersts presented some evidence that Mother Earth advertised a sale
only to raise the already-quoted price before taking the "sale discount." Although the evidence was
conflicting as to whether the higher third estimate was to recoup the "discount" or to cover additional
costs associated with changes the Kersts made to the pool design, that conflicting evidence was a fact
question for the jury. See Elbaor, 845 S.W.2d at 243. Mother Earth's complaint regarding the
submission of Question 2 to the jury is overruled.

II. DTPA Notice

 In its second point of error, Mother Earth contends the court erred in not abating the cause
once the evidence raised issues concerning the "bottom of the pool," issues Mother Earth contends
were not asserted in the Kersts' DTPA notice. (5) When the Kersts' expert testified to damages for the
pool crete, removal of liner, and repair of pool crete, Mother Earth informed the court that these
damages had not been specified in a DTPA letter and that it was entitled to a sixty-day stay. See
Tex. Bus. & Com. Code Ann. § 17.505. (6)

 As a prerequisite to filing a suit for damages under the DTPA, "a consumer shall give written
notice to the person at least 60 days before filing the suit advising the person in reasonable detail of
the consumer's specific complaint. . . ." Tex. Bus. & Com. Code Ann. § 17.505(a). A DTPA
defendant "who does not receive written notice, as required by Subsection (a), may file a plea in
abatement not later than the 30th day after the date the person files an original answer in the court
in which the suit is pending." Tex. Bus. & Com. Code Ann. § 17.505(b). 

 Mother Earth does not deny receiving notice. Instead, Mother Earth asserts the notice is
insufficiently specific in that it did not give notice of particular "bottom of the pool" damages later
claimed at trial. However, these "bottom of the pool" damages were claimed in the Kersts' original
petition, which mentions failure "to properly concrete the interior of the pool." (7) The Kersts' original
petition also asserted that plaintiffs had complied with all conditions precedent. Thus, "the defendant
must object to plaintiff's failure to meet his burden of proof in order to preserve error." Hines v.
Hash, 843 S.W.2d 464, 467 (Tex. 1992). If a DTPA defendant does not specifically deny receiving
the DTPA notice, then plaintiff is excused from proving it. Id. 

 Mother Earth may not rely on the position that it was surprised at trial by the Kersts' claims
for damages pled in the petition but, allegedly, not in the notice letter. Once the Kersts pled the
"bottom of the pool" issues in the petition, the clock started running for Mother Earth to object for
lack of notice. See Tex. Bus. & Com. Code Ann. § 17.505(c); Hines, 843 S.W.2d at 469. "A
defendant who fails to make a timely request for abatement must be considered to have waived his
objection to the lack of notice." Hines, 843 S.W.2d at 469. To be timely, the request for an
abatement must be made while the purpose of notice--settlement and avoidance of litigation
expense--remains viable. Thus, a defendant must request an abatement with the filing of an answer
or very soon thereafter. Id. 

 Because Mother Earth's discussion of its entitlement to an abatement did not occur until well
into trial--despite notice of the claimed damages in the Kersts' petition--Mother Earth has waived
its objection to lack of notice. The second contention is overruled.

 We affirm the judgment. 


 Jack Carter

 Justice


Date Submitted: May 2, 2007

Date Decided: August 23, 2007


1. Mother Earth does not challenge the other portions of the jury charge and verdict. The
verdict included findings that: (1) Mother Earth breached the contract (Question 1); (2) Mother
Earth breached a warranty which was a producing cause of the Kersts' damages (Question 3); and
(3) Mother Earth's actions were knowing and intentional (Questions 4 and 5). Damages may be
based on a breach of an express or implied warranty finding. Tex. Bus. & Com. Code Ann. § 17.50. 
Neither does Mother Earth challenge the jury's verdict awarding damages premised on these other
findings. Harris County v. Smith, 96 S.W.3d 230, 234 (Tex. 2002) (valid and invalid elements of
damages in a single broad-form submission, after a timely and specific objection, harmful when
appellate court prevented from determining if jury based its verdict on an invalid element); Crown
Life Ins. Co. v. Casteel, 22 S.W.3d 378, 388 (Tex. 2000).
2. Question 2 tracks the language of the DTPA in defining "false, misleading, or deceptive act
or practice" under the DTPA as "making false or misleading statements of fact concerning the
reasons for, existence of, or amount of price reductions." See Tex. Bus. & Com. Code Ann.
§ 17.46(b)(11). Question 7(2) concerns damages for loss of use of the pool. The Kersts assert that
Mother Earth appears to complain not of Question 7(2), but of Question 7(3), which concerns
damages for deceptive price practices under Question 2. 
3. The trial court stated, "Number 7, with regards to the mental anguish aspect of Question
Number 7, mental anguish damages are recoverable in this type of action, and . . . depending on how
they answer 4 and 5, if they answer them at all, then Question 7 Subsection 4 and 5 would be
appropriate to submit to the jury." 
4. These include, according to Mother Earth, a saltwater chlorinator, concrete deck, automatic
pool cleaner, and waterfall. However, the initial estimate recognizes the deck and waterfall. And,
although these items are listed as "options" in estimate three, nothing in estimate three, which is a
more formal document than estimate one (and there being no written version of estimate two),
indicates that the other "options" are new to estimate three. Neither, though, does anything show that
these elements were included in the earlier estimates. Teresa says no design changed, but those are
not design elements.
5. Mother Earth never introduced the notice at trial, or included it elsewhere in the record on
appeal. Mother Earth stated in its motion for an instructed verdict and at the charge conference that
the notice letter "is a record exhibit." Nonetheless, the letter was only offered later, at which time
it was excluded. 
6. It is not clear an abatement issue was preserved. The discussion of the notice occurred as
the Kersts were attempting to introduce plaintiffs' exhibit 11 (a summary of their expert's testimony). 
Mother Earth's objection was in part that the summary included "bottom of the pool" damages which
were not specified in the DTPA letter, for which they were entitled to a sixty-day stay. However,
no specific request for an abatement was presented. At the close of all evidence, Mother Earth
moved for a directed verdict in part because the items submitted for damages included "bottom of
the pool" damages which were not specified in the DTPA letter and the court "has been not so
inclined to give us a 60 day stay if they're going to be submitted." Finally, Mother Earth
acknowledged that there was no problem "with submitting to the jury the issue of damages for
anything to the bottom of the pool, but if it's not provided to the furnisher of the service . . . then
DTPA doesn't apply." Even though the notice requirement was mentioned several times, we find
no motion for a sixty-day abatement presented by Mother Earth or ruled on by the trial court. 
However, the Kersts have not made this argument on appeal, and so we address the issue Mother
Earth presents. 
7. The only concrete in the Kersts' pool was at the bottom.